# EXHIBIT 1

# EXHIBIT 1

# INVESTORS GROUP OF NEVADA, LP

# DEFINED BENEFIT PENSION TRUST

**TRUST AGREEMENT UNDER THE**

**INVESTORS GROUP OF NEVADA, LP**

**DEFINED BENEFIT PENSION PLAN**

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | NAME, PURPOSE AND DEFINITIONS | 1 |
| | A. Name | 1 |
| | B. Purpose | 1 |
| | C. Definitions | 1 |
| | D. Conflict with Plan | 1 |
| II. | ESTABLISHMENT OF TRUST | 2 |
| | A. Establishment | 2 |
| | B. Administration | 2 |
| | C. Contributions | 2 |
| | D. Return of Employer Contributions | 2 |
| | E. Transfers from Other Qualified Plans; Rollovers | 2 |
| | F. Transfer From Employer's Qualified Plans | 3 |
| | G. Transfer To Eligible Retirement Plans | 3 |
| III. | INVESTMENT OF TRUST ASSETS | 4 |
| | A. Funding Policy | 4 |
| | B. Authority to Direct Investments | 4 |
| | C. Investments – Liability of Trustee | 5 |
| | D. Combination with Assets of Other Trusts | 6 |
| | E. Qualifying Employer Securities or Real Property | 7 |

F.     Participant Directed Accounts ........................................................ 7
G.     Indicia of Ownership; Foreign Assets ........................................... 8
H.     Loans to Participants ....................................................................... 8

IV.    POWERS OF THE TRUSTEE .................................................................... 9

A.     General Powers ................................................................................ 9
B.     Multiple Trustees ............................................................................. 11

V.     BOOKS AND RECORDS ............................................................................ 12

VI.    VALUATIONS AND ACCOUNTINGS ...................................................... 12

VII.   LIFE INSURANCE ..................................................................................... 13

A.     Application; Policy ........................................................................... 13
B.     Exercise of Rights ........................................................................... 13
C.     Premiums .......................................................................................... 13
D.     Beneficiary Designation ................................................................. 13
E.     Liability of Insurance Company ..................................................... 13

VIII.  DISTRIBUTIONS ....................................................................................... 15

A.     In General ......................................................................................... 15
B.     Payments Before Notice of Event ................................................. 15
C.     Payments to Missing Persons ....................................................... 15
D.     Death of Participant ........................................................................ 15
E.     Income Tax Withholding ................................................................. 15
F.     Distributions to Incompetent Persons .......................................... 15
G.     Qualified Domestic Relations Orders ........................................... 16

IX.    RESIGNATION OR REMOVAL AND APPOINTMENT OF TRUSTEE ..... 17

X.    TAXES, EXPENSES AND COMPENSATION OF THE TRUSTEE....................17

    A.    Taxes ....................................................................17
    B.    Expenses; Compensation ..............................................17

XI.    IRREVOCABILITY; AMENDMENT AND TERMINATION ......................17

XII.    STANDARD OF CONDUCT OF FIDUCIARIES..............................18

    A.    Fiduciaries............................................................18
    B.    Fiduciary Duties......................................................18

XIII.    MISCELLANEOUS ......................................................19

    A.    Request for Instructions ..............................................19
    B.    Liability of Trustee....................................................19
    C.    Controversy ...........................................................19
    D.    Joinder of Parties .....................................................19
    E.    Spendthrift Provisions ................................................19
    F.    Diversion of Assets Prohibited .......................................20
    G.    Gender and Number ..................................................20
    H.    Applicable Law; Severability..........................................20
    I.    Reserved..............................................................20
    J.    Headings..............................................................20

TRUST AGREEMENT UNDER THE

INVESTORS GROUP OF NEVADA, LP

DEFINED BENEFIT PENSION PLAN

This Trust Agreement (the "Trust" or "Agreement") is entered into by and between INVESTORS GROUP OF NEVADA, LP, a Nevada partnership, as "Employer", and SIMON K. SHAKIB and ZANNA M. SHAKIB, as "Trustee." This Trust is intended to provide for the funding of the Plan which has been adopted by the Employer, and to accomplish this purpose, the Employer and the Trustee agree as follows:

I.      NAME, PURPOSE AND DEFINITIONS

A.     Name.  The name of this Trust shall be "INVESTORS GROUP OF NEVADA, LP DEFINED BENEFIT PENSION TRUST."  The INVESTORS GROUP OF NEVADA, LP DEFINED BENEFIT PENSION PLAN (the "Plan") is incorporated as a part of this Agreement by this reference.

B.     Purpose.  This Trust is created for the purpose of receiving contributions made under the Plan, accumulating, managing and investing those contributions, and providing benefits to the Participants and their Beneficiaries.  This Trust shall be administered for the exclusive purpose of providing benefits to the Participants and their Beneficiaries and defraying reasonable costs of administration.

This Trust and the Plan are intended to satisfy all of the requirements for a qualified retirement plan under the appropriate provisions of the Internal Revenue Code, ERISA and other applicable federal and state laws.

C.     Definitions.  All specifically defined terms used in this Agreement shall have the meanings as defined in the Plan.

D.     Conflict with Plan.  If the provisions of this Agreement conflict with any of the provisions of the Plan, this Agreement shall control as it relates to the duties and obligations of the Trustee.

-1-

Copyright ERISADOCS, INC. 2000.  All Rights Reserved.

II.    ESTABLISHMENT OF TRUST

A. Establishment.  This Agreement establishes a trust as to such funds as shall be from time to time deposited with the Trustee by or on behalf of the Employer or Participants pursuant to the Plan, together with income generated by such funds.  The Trustee agrees to receive and hold such funds and income in trust in accordance with the terms of this Agreement.  The Trustee shall not be individually liable to any person for any obligation or liability incurred on behalf of the Trust, and all persons shall look solely to the Trust assets for satisfaction of such obligations or liabilities.

B. Administration.  The Plan shall be administered by the Committee, and the Trustee shall have no duties with respect to the administration of the Plan.  The Employer shall certify to the Trustee the names and signatures of the members of the Committee acting from time to time.  The Committee shall comply with any reasonable requirements of the Trustee.

C. Contributions.  The Employer shall transmit to the Trustee all of its contributions and all contributions of the Participants.  All contributions shall be in cash or other property valued at fair market value and acceptable to the Trustee.  The Trustee shall have no duty to determine or inquire whether any contributions to this Trust are in compliance with the Plan; nor shall the Trustee have any duty or authority to compute the amount of any such contributions; nor shall the Trustee be responsible for the collection or adequacy of any contributions to the Trust or, for the adequacy of the Trust to meet and discharge liabilities under the Plan.  Any premiums on life insurance policies owned by this Trust which are paid by the Employer directly to an insurance carrier shall be deemed to have passed through the Trust, even though not reflected on the books and records of the Trustee.

D. Return of Employer Contributions.  Except as specifically permitted under the terms of the Plan, the assets of the Plan and Trust shall never inure to the benefit of the Employer and these assets shall be held for the exclusive purpose of providing benefits to Participants and their Beneficiaries and defraying reasonable expenses of administering the Plan and Trust.

E. Transfers from Other Qualified Plans; Rollovers.  If specifically permitted under the terms of the Plan, there may be transferred to the Trustee, subject to the approval of the Employer and Trustee, all or any of the assets held (whether by a trustee, custodian, or otherwise) on behalf of any other plan which satisfies the applicable requirements of Section 401(a) of the Code, or, qualified rollover contributions, and which is maintained for the benefit of any persons who are or are about to become Participants.  The Employer or Trustee may require a prior determination by the Internal Revenue Service that such transfer will not affect the qualified status of the Plan and Trust. Any such transfer of assets or Rollovers shall be

-2-

Copyright ERISADOCS, INC.2000. All Rights Reserved

held and administered in accordance with the provisions of the Plan relating to the administration of Employee and Rollover Contributions.

F. <u>Transfer From Employer's Qualified Plans</u>.  Upon direction of a Participant delivered to the Committee and the Trustee, the Trustee is authorized to receive the assets representing the value of any Participant's benefits earned under any other qualified plan maintained by the Employer.  Upon receipt of such benefits, the Committee and the Trustee shall hold and maintain such benefits as a Rollover Contribution Account in connection with the relevant provisions of Article X of this Plan to be distributed in accordance with the provisions of Article VII of this Plan.  Assets transferred and held in Rollover Contribution Accounts shall be deemed to be a part of the Participant's Accrued Benefit.

G. <u>Transfer To Eligible Retirement Plans</u>.  Upon direction of the Participant delivered to the Committee and the Trustee of this Plan, the Trustee is hereby authorized to transfer the assets representing the vested Accrued Benefit of any Participant under this Plan to the Trustee of an Eligible Retirement Plan.

CONTINUED ON NEXT PAGE

NEXT PAGE IS -4-

III.   INVESTMENT OF TRUST ASSETS

A. Funding Policy.  The Plan's funding policy and method, as determined from time to time by the Committee, shall be communicated to the fiduciary responsible for managing and investing the Trust assets (and each Investment Manager if selected in the manner set forth in Paragraph B1 or B2 below) in a timely manner so that the fiduciary (and each Investment Manager, if any) may coordinate the investment policies of this Trust with such funding policy and method.  In investing and reinvesting the Trust assets, the fiduciary (and each Investment Manager, if any) shall have due regard for the Plan's funding policy and method, but in no event shall the fiduciary (or any such Investment Manager) have any responsibility for the establishment or adequacy of such funding policy and method.

B. Authority to Direct Investments.  Except as provided in Paragraphs 1 and 2 below or in Paragraph F of this Article III, the Committee shall be the fiduciary responsible for directing the investment and management of the Trust assets.

1. Employer Appointment of Trustee or Investment Manager.  The Employer may, by resolution of its Board, terminate the Committee's right to direct the investment and management of all or any portion of the Trust assets by transferring to the Trustee or an Investment Manager the authority and duty to direct the investment and management of all or any portion of the Trust assets.

2. Committee Appointment of Trustee or Investment Manager.  As long as the Employer has not taken any action under Paragraph 1 above, the Committee may, but need not, appoint the Trustee or an Investment Manager to direct the investment and management of all or any portion of the Trust assets.

3. Manner of Appointment, etc.  A certified copy of any Board resolution or resolution of appointment pursuant to Paragraphs 1 or 2 above shall be delivered to the Trustee, whereupon the Trustee or the Investment Manager, as the case may be, shall become the fiduciary with respect to the investment and management of such Trust assets.  Any transfer of investment and management authority to the Trustee or to an Investment Manager shall be revoked upon receipt by the Trustee (and Investment Manager, if any) of a notice to that effect from the Employer through its Board or from the Committee, as the case may be.  The appointment, selection, and retention of an Investment Manager shall be the sole responsibility of the Committee or the Employer, as the case may be.  The Trustee is authorized to rely upon the fact that the Investment Manager is at all times a qualified Investment Manager (as defined in Section 3(38) of ERISA) until such time as the Trustee has received written notice from the Employer or Committee to the contrary.  The Trustee is also authorized and entitled to rely upon the fact that the Investment Manager is authorized to direct the investment and management of the Trust assets until such time as the Employer or Committee, as the

case may be, shall notify the Trustee in writing that another Investment Manager has been appointed in place of the Investment Manager named or, in the alternative, that the Investment Manager named has been removed and the responsibility for the investment and management of the Trust assets has been assumed by the Committee or has been transferred to the Trustee, as the case may be.

C. Investments – Liability of Trustee.  During such period or periods of time, if any, as the Committee, an Investment Manager, or a Participant is authorized to direct the investment and management of the Trust assets, the Trustee shall (subject to the overriding limitations set forth below) effect and change investments of the Trust as directed in writing (or by telephonic or other electronic instruction if so authorized by the Committee) by Investment Manager, the Committee or Participant, as the case may be, and shall neither affect nor change any such investments without such direction and shall have no right, duty, or responsibility to recommend investment or investment changes.  Such direction may be either general or specific in its terms and may be given on an "until revoked" basis.  The following provisions shall govern the Trustee during such period or periods:

1.  Signature; Reliance on Directions.  All written directions concerning investment and management made by the Committee, Investment Manager or Participant shall be signed by the authorized person or persons acting on behalf of the Committee or the Investment Manager, or by the Participant, as the case may be.  The Trustee shall be entitled to rely upon such directions, as well as directions received by telephone or other electronic media if so authorized by the Committee, when purported to come from such authorized person or persons, or from the Participant.

2.  No Liability for Committee Actions.  As long as the Committee possesses full power and responsibility to direct the Trustee with respect to the investment and management of all or any portion of the Trust assets, the Trustee shall not be liable or responsible in any way for any losses or other unfavorable results arising from the Trustee's compliance with the directions of the Committee which are made in accordance with the terms of the Trust and which are not contrary to the provisions of any applicable federal or state statute regulating such investment and management of the assets of an employee benefit trust.

3.  No Liability for Investment Manager Actions.  If an Investment Manager is given full authority and responsibility to direct the investment and management of all or a portion of the Trust assets, the Trustee shall not be liable or responsible in any way for any losses or other unfavorable results arising from the Trustee's compliance with the directions of the Investment Manager.  In such event, to the extent Section 405(b)(3)(B) of ERISA so permits, the Committee shall also not be liable or responsible in any way for any losses or other unfavorable results arising from the Trustee's compliance with the directions of the Investment Manager.

-5-

4. <u>No Duties Other Than Compliance With Directions</u>.  The Trustee shall be neither under a duty to question any directions of the Committee, Investment Manager or Participant, nor to review any securities or other property constituting Trust assets with respect to which the Committee, Investment Manager or Participant has investment responsibility, nor to make any suggestions to the Committee, Investment Manager or Participant in connection with such assets.  The Trustee shall not be liable, in any manner or for any reason, for the making or retention of any investment pursuant to such direction, nor shall the Trustee be liable for its failure to invest any or all of the Trust funds in the absence of such directions.  The Trustee shall, as promptly as possible, comply with any directions given by the Committee, Investment Manager or Participant.

5. <u>No Duty to Investigate</u>.  During such period or periods of time, if any, as the Committee, an Investment Manager or Participant is authorized to direct the Trustee, the Trustee shall have no obligation to determine the existence of any conversion, redemption, exchange, subscription, or other right relating to any securities purchased of which notice was given prior to the purchase of such securities; and it shall have no obligation to exercise any such right unless the Trustee is informed of the existence of the right and is instructed to exercise such right, in writing, by the Committee, the Investment Manager or Participant, as the case may be, within a reasonable time prior to the expiration of such right.

6. <u>No ERISA Liability</u>.  The Trustee shall not be liable under Section 405(b) of ERISA for following any instructions of the Committee that are referred to in Section 403(a)(1) of ERISA.

7. <u>No Impermissible Investments</u>.  Neither the Committee, any Investment Manager nor Participant shall direct the purchase, sale or retention of any Trust assets if such directions are not in compliance with the applicable provisions of the Code and ERISA and any regulations or rulings issued thereunder.

D. <u>Combination with Assets of Other Trusts</u>.  The Trustee may combine the Trust assets for investment purposes with the assets of any other trusts established by the Employer pursuant to the provisions of any qualified employee benefit plan.  In such event, the Trustee shall keep separate records of the amounts allocable to each such fund.  The Trustee shall have full power and authority to transfer Trust assets to any bank, trust company or savings and loan association, including the Trustee or any of its affiliates, licensed to do business in the state in which the Sponsoring Employer maintains its principal place of business, as trustee of any investment fund or funds consisting exclusively of assets of pension and profit-sharing trusts.  In such event, the instrument or instruments creating and governing such fund or funds shall become a part hereof as fully as if set forth at length herein.  Trust assets invested in said fund or

-6-

funds shall be held and administered by the trustee thereof strictly in accordance with the terms and under the powers granted in said instrument or instruments.

E. Qualifying Employer Securities or Real Property. Unless permitted under ERISA, the Trustee shall neither invest in any security issued by the Employer which is not a "Qualifying Employer Security," as defined in this Paragraph E, nor in any real property which is leased to the Employer which is not a "Qualifying Employer Real Property" as defined in this Paragraph E. Unless the Plan is a profit-sharing plan, stock bonus plan or employee stock ownership plan, no investment of any Trust assets shall at any time be made in any Qualifying Employer Security if by reason of such investment the aggregate fair market value of all Qualifying Employer Securities (and Qualifying Employer Real Property) held in the Trust immediately after such investment shall exceed 10% of the then fair market value of the Trust assets. A profit-sharing plan, stock bonus plan or employee stock ownership plan may invest all Trust assets in Qualifying Employer Real Property and Qualifying Employer Securities, unless limited by provisions of the Plan. A "Qualifying Employer Security" means stock of the Employer and any bond, debenture, note, certificate, or other evidence of indebtedness of the Employer which is a "marketable obligation" as defined in Section 407(e) of ERISA. "Qualifying Employer Real Property" means qualifying real property as defined in Section 407 of ERISA.

F. Participant Directed Accounts. If, pursuant to the provisions of the Plan relating to this Trust, the Participants are empowered to direct and manage the share of the Trust assets held in their Accounts, then the Trustee shall, upon written direction from the Committee, segregate assets representing the value of a Participant's Accounts under the Plan to allow the Participant to manage the investment of those assets attributable to his or her Accounts within the limitations set forth in the Plan. The Trustee shall have no obligation to invest or otherwise manage assets earmarked for a Participant's Accounts until written notice is received from the Committee terminating the Participant's power to direct the investment of his or her Accounts. Following the death of a Participant, any rights and obligations of a Participant with respect to his or her directed Accounts may be held and assumed by his or her Beneficiary to the extent permitted under the terms of the Plan.

1. Participant Direction. A Participant shall exercise his or her investment rights by directing the Trustee or its authorized representative, either directly or through an investment manager, appointed by the Participant, to enter into investment transactions. The Trustee shall ensure that the Participant receives written confirmation of his or her investment directions, when so requested by the Participant. At all times, the Trustee shall hold title to all investments held in the Participant's segregated Accounts. The Trustee shall have no duty to oversee the Participant's investments; provided, however, that the Participant shall be precluded from investing in collectibles as defined in Section 408(m) of the Code. Neither the Trustee nor any other fiduciary

-7-

shall be liable or responsible in any way for any losses or other unfavorable results arising from the Trustee's compliance with the Participant's directions with respect to the assets segregated in his or her Accounts.

2. <u>Limitations on Participant Direction</u>.  The Trustee may decline to implement any investment direction that the Trustee determines does not comply with rules and procedures established by the Committee.  The Trustee may decline to implement any investment direction that the Trustee determines (if implemented):

(a) would result in a prohibited transaction;
(b) would jeopardize the Plan's tax qualified status;
(c) would not be in accordance with Plan documents;
(d) would generate unrelated business taxable income;
(e) could result in a loss exceeding the Participant's account balance; or

(f) would cause the indicia of ownership of plan assets to be outside the jurisdiction of the district courts of the United States, other than as permitted under ERISA Section 404(b) and its regulations.

G. <u>Indicia of Ownership: Foreign Assets</u>.  Except as otherwise permitted by regulation, the Trustee shall not maintain the indicia of ownership of any Trust assets outside the jurisdiction of the District Courts of the United States.  Before the purchase of securities issued by any foreign government or agency thereof, or by any corporation domiciled outside of the United States, the Committee, Investment Manager or Participant shall advise the Trustee in writing with respect to any laws or regulations of any foreign countries or any United States territories or possessions which shall apply, in any manner whatsoever, to such securities, including, but not limited to, receipt of dividends or interest by the Trustee from such securities.

H. <u>Loans to Participants</u>.  If permitted under the terms of the Plan, the Committee shall direct the Trustee to make a loan or loans to a Participant, or a beneficiary of a Participant, in accordance with the provisions governing such loans in the Plan.

CONTINUED ON NEXT PAGE

NEXT PAGE IS -9-

-8-

## IV.    POWERS OF THE TRUSTEE

A. <u>General Powers</u>.  Subject to the provisions of Article III of this Agreement and any other limitations contained in this Agreement, the Trustee shall have all the powers necessary to hold in trust and administer all Trust assets including, but not by way of limitation, the power:

1.  To invest and re-invest Trust assets and to purchase or acquire and retain for the account of the Trust such properties as people of prudence, discretion and intelligence purchase for their own account, in accordance with the standards set forth in Article XII of this Agreement.  The assets purchased, acquired and retained by the Trustee for investment may include, but not by way of limitation, every kind of property, real, personal and mixed and interests therein, specifically including, but not by way of limitation, government obligations, corporate obligations of every kind, preferred and common stocks (including the stock of a corporate Trustee), buy and sell call and put options, and limited partnership interests, all in a manner conforming with the then existing law.

In making such investments, the Trustee shall take into consideration any income tax effects resulting from investments yielding unrelated business taxable income.

2.  To lease Trust assets for terms within or beyond the term of the Trust, for any purpose, including exploration for and removal of gas, oil and other minerals; and to enter into community oil leases, pooling and unitization agreements.

3.  To abandon any real or personal property which the Trustee shall deem to be worthless or not of sufficient value to warrant keeping or protecting; to abstain from the payment of taxes, water rents, assessments, and the expenses of repairs, maintenance and upkeep of any such property; to permit any such property to be lost by tax sale or other proceedings; or to convey any such property for a nominal consideration or without consideration.

4.  To remove all or any part of the Trust assets and to transfer the place of administration of the Trust to any location outside of the state in which the Sponsoring Employer maintains its principal place of business, provided it is within the United States of America.

5.  To collect and receive the income of the Trust and any and all money, securities and other property, or any kind or nature due, owning or belonging to the Trust.

-9-

6.  To deposit, hold and invest, without liability for interest thereon, any monies in any bank, trust company, or savings and loan association, including the Trustee or any of its affiliates including, without limitation, through purchase of or investment in, savings accounts, checking accounts, certificates of deposit and bankers acceptances.   Notwithstanding the foregoing, any such investment in or purchase through the Trustee or any of its affiliates shall bear a reasonable rate of interest during such time as the Trustee is the fiduciary for the investment and management of the Trust assets so invested.

7.  To sell, exchange or otherwise dispose of any securities or other property at any time or times and on such terms and conditions as the Trustee may deem appropriate, and to contract or grant options for the purchase, exchange or other disposition thereof.

8.  To exercise, respecting bonds, shares of stock and other securities, all of the rights, powers and privileges of an owner, including holding securities in its own name (or in the name of a nominee with or without disclosure of the Trust), voting, giving proxies, making payments of costs, assessments or other sums deemed by the Trustee as expedient for the protection of the Trust, exchanging securities, selling or exercising subscription rights, exercising conversion rights, consenting to, and participating in foreclosures, reorganizations, consolidations, mergers, liquidations, pooling agreements and voting trusts, and assenting to corporate sales, leases and encumbrances;

9.  To extend the time of payment of any obligation at any time owing to the Trust; to deposit any securities or other property with any protective, reorganization, or similar committee, to delegate discretionary powers to any such committee, and to pay and agree to pay a portion of the expenses and compensation of any such committee and any assessments levied with respect to any such securities or other property so deposited.

10. To borrow money and to issue promissory notes evidencing any such borrowings or advances and to secure the repayment of such borrowings by mortgage, deed of trust, or pledge of any securities or other property constituting trust assets; and to pay and discharge any indebtedness of the Trust or any lien or other charge against the Trust.

11. To enforce any mortgage, deed of trust, pledge or other security interest held to secure Trust loans, and to purchase at any sale thereunder any property subject to such encumbrances.

-10-

12. To sue or defend in connection with any and all securities or other property at any time received or held by or for the Trust, and all costs and attorney's fees in connection therewith shall be charged against the Trust.

13. To settle, compromise or submit to arbitration any claims, debts or damages due or owing to or from the Trust; to commence or defend legal proceedings for or against the Trust; and to represent the Trust in all proceedings in any court of law or equity or before any other body or tribunal.

14. To create reserves of cash or other assets of the Trust for the payment of expenses, or for distributions pursuant to the Plan, or for any other purposes in connection with this Agreement.

15. To employ agents, including without limitation, investment advisors, appraisers, attorneys (including counsel for the Employer) and accountants and to rely on advice given by them.

16. To loan Trust assets on reasonable terms and interest rates securing such loans with adequate security.

**B. Multiple Trustees.** Unless otherwise provided in the Plan, a power vested in two or more Trustees may only be exercised by their unanimous action.

CONTINUED ON NEXT PAGE

NEXT PAGE IS -12-

-11-

## V.    BOOKS AND RECORDS

The Trustee shall keep accurate and detailed accounts of all investments, receipts and disbursements, and any other transactions engaged in on behalf of the Trust; and all accounts, books and records relating thereto shall be open to inspection at all reasonable times by the Committee or its designated representative.

## VI.    VALUATIONS AND ACCOUNTINGS

As soon as administratively feasible after the Valuation Date, within 60 days after the removal or resignation of any Trustee and whenever so requested in writing by the Committee, the Trustee shall value the Trust assets and shall file with the Committee a written accounting reflecting the fair market value of the assets and liabilities of the Trust and the receipts and disbursements of the Trust since the last statement filed with the Committee. If the Trustee, in making any such valuation, determines that the Trust consists, in whole or in part, of property not traded freely on a recognized market, or that information necessary to ascertain the fair market value of any Trust assets or liabilities is not readily available to the Trustee, the Trustee may request the Committee to instruct the Trustee as to such fair market value for all purposes under the Plan; and in such event, the fair market value determined by the Committee shall be binding and conclusive. If the Committee fails or refuses to instruct the Trustee as to such fair market value within a reasonable time after receipt of the Trustee's request, the Trustee shall take such action as it deems necessary or advisable to ascertain such fair market value, including the retention of such counsel and independent appraisers as it considers necessary; and in such event the fair market value determined by the Trustee shall be binding and conclusive. Except for the Trustee's negligence, willful misconduct or lack of good faith, upon the expiration of 90 days from the filing of such accounting, the Trustee shall be forever released and discharged from all liability and accountability to anyone with respect to the propriety of its acts or transactions as set forth in such accounting, unless written objection is filed with the Trustee within said 90 day period by any person interested in the Trust.

CONTINUED ON NEXT PAGE

NEXT PAGE IS -13-

## VII.   LIFE INSURANCE

As directed in writing by the Committee and subject to such direction, the Trustee shall have the following powers and duties with respect to any investments in life insurance and annuity contracts:

A. Application; Policy.   The Trustee may apply for a policy or policies of life insurance and/or annuity to be issued on the life of any Participant in an amount to be determined by the Committee on a non-discriminatory basis; provided, that the aggregate of premiums with respect to each such Participant must comply with the provisions of the Plan relating to life insurance at any particular time.   Any policy shall be of a form customarily used for employee benefit trusts, issued by any legal reserve life insurance company selected by the Committee and qualified to do business in the state in which the Sponsoring Employer maintains its principal place of business.   Each such policy shall be a contract between the insurance company and the Trustee and shall be owned and held by the Trustee as an asset of the Trust.

B. Exercise of Rights.  The Trustee may exercise any rights and options provided by any such policy or permitted by the issuing insurance company with respect to such policy, including the right to change any provision which shall become operative upon the termination of employment of any Participant.   When a Participant's employment is terminated by retirement, Total Disability, death or otherwise, the Trustee may convert such policy into an annuity contract or cash for the benefit of the Trust or shall, at the written direction of the Committee, assign and deliver the policy to the Participant or his or her Beneficiary.

C. Premiums.   At the written direction of the Committee, the Trustee shall pay the premiums on any policy held in the Trust out of Trust assets.   The Trustee shall apply dividends in reduction of premiums.   Any dividends payable with respect to any policy as to which there shall be no further premiums due shall be paid in cash to the Trustee and added to the Trust.

D. Beneficiary Designation.   At the written direction of the Committee and subject to the provisions of the Plan relating to life insurance, the Trust shall be designated as the beneficiary under any such policy.

E. Liability of Insurance Company.   No insurance company which issues any policy as provided above shall be a party to this Agreement, or have any responsibility for the validity of this Trust.   The liability of any such insurance company shall be only as provided in any policy which it may issue.   Any insurance company shall be fully protected from all liability in accepting premium payments from the Trustee and in making payments to or on the direction of the Trustee, without liability as to the application of such payments.   Such insurance company shall be fully protected in

-13-

dealing with the Trustee as the sole owner of policies held under this Trust, and it shall not be liable in assuming that the Trust has not been amended or terminated until notice of any amendment or termination of the Trust has been received by the insurance company at its home office.  No amendment of the Trust shall deprive the insurance company of any protection except as to policies issued by it after receipt at its home office of notice of the terms of such amendment.  The insurance company shall be fully protected in dealing with the Trustee according to the latest notification received by it at its home office.

CONTINUED ON NEXT PAGE

NEXT PAGE IS -15-

-14-

## VIII.   DISTRIBUTIONS

A.   In General.  The Trustee shall from time to time, at the written direction of the Committee, make a distribution from the Trust to such persons, in such manner (that is, in cash or in kind), in such amounts and for such purposes as may be specified in such directions.  Any such directions shall be signed by a majority of the then members, or by any such person or persons as may be from time to time designated by the Committee acting by a majority of its members.  The Trustee shall incur no liability for any distribution made by it pursuant to the direction of the Committee, and the Trustee shall be under no duty to inquire as to whether any distribution directed by the Committee is made pursuant to the provisions of the Plan.  The Trustee may make any cash distribution by mailing its check for the amount of such distribution, and may make any in kind distribution by mailing such property, to the person to whom such distribution is to be made at the address furnished by the Committee, or if no such address shall have been furnished, to such person in care of the Employer at its principal office.

B.   Payments Before Notice of Event.  Until the Committee shall receive written notice of any birth, marriage, death, or any other event upon which the right to payments from this Trust may depend, the Committee shall incur no liability to persons whose interests may have been affected by the event for disbursements made in good faith.

C.   Payments to Missing Persons.  If the Trustee is unable to effect delivery of any distribution to the person or entity entitled to receive it, it shall so advise the Committee and the Committee shall determine the method of distribution or forfeiture of such benefit in accordance with the Plan provisions and shall so instruct the Trustee.

D.   Death of Participant.  Upon the death of a Participant, the Committee may, but need not, require the personal representative of the Participant's estate and/or the Beneficiary to furnish proof of death and such tax release forms as are deemed appropriate by the Committee prior to making any payment of death benefits.

E.   Income Tax Withholding.   Distributions to any Participant or his or her Beneficiary shall be subject to any applicable tax withholding rules, including without limitation those set forth in Section 3405 of the Code and the Treasury Regulations promulgated thereunder.

F.   Distributions to Incompetent Persons.  The Committee may direct the Trustee to distribute the benefits of any Participant pursuant to the instructions of any person named by such Participant in a durable power of attorney which, on its face, appears to be valid and enforceable, or the legal guardian or conservator of such Participant, or the custodian of such Participant's assets under the Uniform Gifts to Minors Act (or the comparable law of any state in which such Participant resides).

G. <u>Qualified Domestic Relations Orders</u>.   Notwithstanding anything to the contrary contained herein, the Committee may direct the Trustee to make distribution to a Participant's Spouse or former Spouse in accordance with a Qualified Domestic Relations Order and in accordance with the terms of the Plan.

CONTINUED ON NEXT PAGE

NEXT PAGE IS -17-

IX.    RESIGNATION OR REMOVAL AND APPOINTMENT OF TRUSTEE

Any Trustee may resign at any time upon the giving of 60 days' written notice to the Employer, and any Trustee may be removed by the Employer at any time upon the giving of 60 days' written notice to all Trustees.  Such 60 day period may be reduced by mutual agreement between the Employer and Trustee.  The resignation or removal shall become effective upon the expiration of such 60 day period or an earlier date agreed to by the Employer and Trustee and thereupon the Employer shall, if there was but a sole Trustee, or may, if there was before such resignation or removal at least two Trustees, appoint a successor Trustee or Trustees which may be a corporation, one or more individuals or a combination thereof.  Upon failure of the Employer to appoint a successor Trustee by the effective date of the resignation or removal, the Board shall become successor Trustee until another successor is appointed.  Any successor Trustee shall have the same rights, powers and duties as he would have had as an original Trustee.  In addition to the foregoing, with the consent of the Trustee, the Employer may appoint a co-Trustee or co-Trustees.

X.    TAXES, EXPENSES AND COMPENSATION OF THE TRUSTEE

A.  Taxes.  The Trustee shall deduct from and charge against the Trust assets any taxes paid by it which may be imposed upon the Trust or the income of the Trust or which the Trustee is required to pay with respect to the interest of any person in the Trust, in which latter event the deduction and charges shall be against the Account or Accounts of such person.

B.  Expenses; Compensation.  Any corporate Trustee shall be entitled to reasonable compensation for its services at a rate to be agreed upon in writing from time to time by the Trustee and the Committee.  The Trustee shall have the power to pay out of the Trust assets all reasonable expenses of administration including, without limitation, fees paid to accountants, actuaries, appraisers and attorneys.  The Employer may, at its option, reimburse the Trustee or pay directly all or any portion of such compensation and expenses of administration.

XI.    IRREVOCABILITY; AMENDMENT AND TERMINATION

Except for such amendments that are permitted under this Article XI, the Trust created under this Agreement is irrevocable.  However, the Employer may terminate this Trust at any time without the consent of the Trustee or any beneficiary, and the Trust may be amended at any time by written agreement of the Employer and the Trustee; provided, however, that except in accordance with the provisions of the Plan and this Trust, such termination or amendment may not (i) deprive any Participant, any former Participant or the joint annuitants of any such Participant, or their personal representatives or designated Beneficiaries, of any interest which has vested under the

-17-

terms of the Plan, nor (ii) cause or permit any portion of the Trust assets to be diverted to purposes other than for the exclusive benefit of the Participants, the former Participants and their joint annuitants, or their personal representatives or Beneficiaries, and defraying reasonable administrative expenses, nor (iii) cause or permit any portion of the Trust assets to revert to or become the property of the Employer unless required under the terms of the Plan.  Further, the Employer may at any time in its sole and absolute discretion discontinue making contributions to the Trust.

XII.   STANDARD OF CONDUCT OF FIDUCIARIES

A.  Fiduciaries.  Each member of the Board and of the Committee and any other person to whom any fiduciary responsibility with respect to the Plan or Trust is allocated or delegated shall discharge his or her duties and responsibilities with respect to the Plan and Trust in accordance with the standards set forth in Section 401(a)(1) of ERISA and Paragraph B of this Article XII.

B.  Fiduciary Duties.  Subject to Sections 403(c) and (d), 404(c), 4042, and 4044 of ERISA, a fiduciary shall discharge his or her duties with respect to the Plan solely in the interest of the Participants and Beneficiaries and:

1.  For the exclusive purpose of:

(a) Providing benefits to Participants and their Beneficiaries;

(b) Defraying reasonable expenses of administering the Plan;

2.  With the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

3.  By diversifying the investments of the Plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and

4.  In accordance with the documents and instruments governing the Plan insofar as such documents and instruments are consistent with the provisions of this title.

CONTINUED ON NEXT PAGE

NEXT PAGE IS -19-

## XIII. MISCELLANEOUS

A. Request for Instructions. In addition to instructions relating to valuations, at any time the Trustee may, by written request, seek instructions from the Committee on any matter and may await the written instructions from the Committee without incurring any liability whatsoever. The Trustee shall be fully protected and shall have no liability for acting in accordance with such instructions. If at any time the Committee fails to give instructions to the Trustee, the Trustee may act, and shall be protected in acting without such instructions, in such manner as in its discretion seems appropriate and advisable under the circumstances for carrying out the purposes of this Trust.

B. Liability of Trustee. In addition to any other limitations on liability set forth in the Agreement, the Trustee shall not be liable for any losses which may be incurred with respect to the Trust, except to the extent that such losses shall have been caused by its negligence, bad faith or willful misconduct; and the Trustee shall be fully protected for actions taken or not taken pursuant to the provisions of this Agreement.

C. Controversy. If any controversy arises with respect to this Trust, the Trustee shall, subject to the provisions of ERISA or the Code, take action as directed by the Committee or, in the absence of such direction, as it deems advisable in that circumstance.

D. Joinder of Parties. In any action affecting this Trust, only the Trustee, the Committee, and the Employer shall be joined as parties, and no Participant or other persons having any interest in this Trust shall be entitled to any notice or service of process unless otherwise required by law. Any judgment entered in such action shall be binding on all persons claiming under this Trust. Nothing in this Agreement shall be construed as to deprive a Participant of the right to seek adjudication of his or her rights under ERISA.

E. Spendthrift Provisions. Except with respect to a Participant loan or a Qualified Domestic Relations Order, neither the Employer nor the Trustee shall recognize any transfer, mortgage, pledge, hypothecation, order or assignment by any Participant or Beneficiary of all or any part of his or her interest under the Trust. Any attempt by a Participant or Beneficiary to assign, alienate, sell, transfer, pledge or encumber his or her benefits shall be void. A Participant's or Beneficiary's interest shall not be subject in any manner to transfer by operation of law, and shall be exempt from the claims of his or her creditors or other claimants (including but not limited to, debts, contracts, liabilities or torts) from all orders, decrees, levies, garnishments and/or executions and other legal or equitable process or proceedings against such Participant or Beneficiary to the full extent which may be permitted by law.

-19-

TRUSTEE:

By:
Simon K. Shakib

By:
Zanna M. Shakib

-21-

F.  <u>Diversion of Assets Prohibited</u>.  Except as provided in Paragraphs C and D of Article II of this Agreement, no portion of the Trust assets shall revert to or become the property of the Employer or be diverted to purposes other than for the exclusive benefit of Participants, former Participants or their joint annuitants, or their personal representatives or Beneficiaries, and defraying reasonable administrative expenses.

G.  <u>Gender and Number</u>.  As used in this Agreement, the masculine, feminine or neuter gender, the single or plural number, and the use of the collective shall each be deemed to include the others whenever the context so indicates.

H.  <u>Applicable Law; Severability</u>.  This Agreement shall be construed and enforced in accordance with ERISA and the Code, to the extent applicable, and otherwise in accordance with the laws of the state in which the Sponsoring Employer maintains its principal place of business.  If any provision of this Agreement is held invalid or unenforceable, such invalidity or unenforceability shall not affect any other provisions, and this Agreement shall be construed and enforced as if such provision had not been included.

I.  <u>Reserved</u>.

J.  <u>Headings</u>.  Headings used in this Agreement are inserted for convenience or reference only and any conflict between such headings and the provision of this Agreement shall be resolved in favor of the provisions.

This Agreement is entered into this ___30___ day of December, 2004.

INVESTORS GROUP OF NEVADA, II

By: _____
Simon K. Shakib

By: _____
Zahra M. Shakib

-20-

# EXHIBIT 2

# EXHIBIT 2

Form **5500-EZ**

Department of the Treasury
Internal Revenue Service

## Annual Return of One-Participant
(Owners and Their Spouses) Retirement Plan
This form is required to be filed under
section 6058(a) of the Internal Revenue Code.
► Complete all entries in accordance with
the instructions to the Form 5500-EZ.

Official Use Only

OMB No. 1545-0956

**2004**

This Form is Open to
Public Inspection.

**Part I    Annual Return Identification Information**

For the calendar plan year 2004 or fiscal plan year beginning _____ , and ending _____ .

A   This return is:   (1) ☒ the first return filed for the plan;   (3) ☐ the final return filed for the plan;
(2) ☐ an amended return;   (4) ☐ a short plan year return (less than 12 months).

B   If filing under an extension of time, check box and attach required information. (see instructions) · · · · · · · · · · · · · · · · · · · ► ☒

**Part II    Basic Plan Information -- enter all requested information.**

**1a**   Name of plan
INVESTORS GROUP OF NEVADA,    LP
DEFINED BENEFIT PENSION PLAN

**1b**   Three-digit
plan number (PN)   ►   001

**1c**   Date plan first became effective   (mo., day, yr.)
01/01/2004

**2a**   Employer's name and address (Address should include room or suite no.)
INVESTORS GROUP OF NEVADA,    LP

MO SANGELADJI, CPA
211 GRISSOM WAY

OXNARD                    CA 93033-0000

**2b**   Employer Identification Number (EIN)
(Do not enter your Social Security Number)
88-0419658

**2c**   Employer's telephone number
805-488-1234

**2d**   Business code (see instructions)
531390

**3a**   Plan administrator's name and address (If same as employer, enter "Same")
SAME

**3b**   Administrator's EIN

**3c**   Administrator's telephone number

4   If the name and/or EIN of the employer has changed since the last return filed for this plan, enter
the name, EIN and the plan number from the last return here:
**a**   Employer's name

**b** EIN

**c** PN

**Caution:** A penalty for the late or incomplete filing of this return will be assessed unless reasonable cause is established.

Under penalties of perjury and other penalties set forth in the instructions, I declare that I have examined this return, including accompanying schedules, statements and attachments, as well as the electronic version of this return if it is being filed electronically, and to the best of my knowledge and belief, it is true, correct, and complete.

SIGN
HERE

SIMON K. SHAKIB OR ZANNA M. SHAKIB

| Signature of employer or plan administrator | Date | Type or print name of individual signing as employer or plan administrator |

For Paperwork Reduction Act Notice, see the instructions for Form 5500-EZ.          v7.2          Form **5500-EZ**  (2004)

0 4 0 4 1 0 0 1 0 A

SHAKIB000086

Form 5500-EZ (2004)                                           Page **2**

| | Official Use Only |
|---|---|

| | | |
|---|---|---|
| 5a | Preparer information (optional) | **b** EIN |
| | | **c** Telephone number |

**6** Type of plan: **a** [X] Defined benefit pension plan (other than a plan described in Code section 412(i))  **b** [ ] Defined benefit pension plan described in Code section 412(i)

**c** [ ] Money purchase pension plan (see instructions)  **d** [ ] Profit-sharing plan

**e** [ ] Stock bonus plan  **f** [ ] ESOP plan (attach Schedule E (Form 5500))

**7a** If this is a master/prototype, or regional prototype plan, enter the opinion/notification letter number . . . . . . . . . ▶

**b** Check if this plan covers: (1) [ ] Self-employed individuals,   (2) [X] Partner(s) in a partnership, or   (3) [ ] 100% owner of corporation

**8a** Enter the number of qualified pension benefit plans maintained by the employer (including this plan) . . . . . . . . . . . . . . . . . . . . 1

**b** Check here if you have more than one plan and the total assets of all plans are more than $100,000 (see instructions) . . . . . . . . . . . . ▶ [ ]

**9** Enter the number of participants in each category listed below:

|  |  |  | Number |
|---|---|---|---|
| **a** | Under age 59 1/2 at the end of the plan year . . . . . . . . . . . . . . . . . . . . | **9a** | 1 |
| **b** | Age 59 1/2 or older at the end of the plan year, but under age 70 1/2 at the beginning of the plan year | **9b** | 1 |
| **c** | Age 70 1/2 at the beginning of the plan year . . . . . . . . . . . . . . . . . | **9c** | 0 |

**10a** (1)  Is this a fully insured pension plan which is funded entirely by insurance or annuity contracts? . . . . . . ▶ [ ] Yes  [X] No

If "Yes," complete lines 10a(2)  through 10f and skip lines 10g through 13d.

(2) If 10a(1) is "Yes," are the insurance contracts held: . . . . . . ▶ [ ] under a trust  [ ] with no trust

| | | | |
|---|---|---|---|
| **b** | Cash contributions received by the plan for this plan year . . . . . . . . . . . . . . | **10b** | 212095 |
| **c** | Noncash contributions received by the plan for this plan year . . . . . . . . . . . . | **10c** | 0 |
| **d** | Total plan distributions to participants or beneficiaries (see instructions) . . . . . . . | **10d** | 0 |
| **e** | Total nontaxable plan distributions to participants or beneficiaries . . . . . . . . . | **10e** | 0 |
| **f** | Transfers to other plans . . . . . . . . . . . . . . . . . . . . . . . . . | **10f** | 0 |
| **g** | Amounts received by the plan other than from contributions . . . . . . . . . . . | **10g** | 0 |
| **h** | Plan expenses other than distributions . . . . . . . . . . . . . . . . . . . | **10h** | 0 |

| | | | (a) Beginning of Year | (b) End of Year |
|---|---|---|---|---|
| **11a** | Total plan assets . . . . . . . . . . . . . . . . . . . . | **11a** | 0 | 212095 |
| **b** | Total plan liabilities . . . . . . . . . . . . . . . . . . | **11b** | 0 | 0 |

**12** **Specific Assets:** If the plan held assets at any time during the plan year in any of the following categories, check "Yes" and enter the current value of any assets remaining in the plan as of the end of the plan year. Otherwise, check "No."

|  |  |  | Yes | No | Amount |
|---|---|---|---|---|---|
| **a** | Partnership/joint venture interests . . . . . . . . . . . . . . . . . . | **12a** | | X | |
| **b** | Employer real property . . . . . . . . . . . . . . . . . . . . | **12b** | | X | |
| **c** | Real estate (other than employer real property) . . . . . . . . . . . | **12c** | | X | |
| **d** | Employer securities . . . . . . . . . . . . . . . . . . . . | **12d** | | X | |
| **e** | Participant loans (see instructions) . . . . . . . . . . . . . . . | **12e** | | X | |
| **f** | Loans (other than to participants) . . . . . . . . . . . . . . . | **12f** | | X | |
| **g** | Tangible personal property | **12g** | | X | |





0 4 0 4 1 0 0 2 0 B

SHAKIB000087

Form 5500-EZ (2004)                                                   Page **3**

| | | | Yes | No | Amount |
|---|---|---|---|---|---|
| 13 | Check "Yes" and enter amount involved if any of the following transactions took place between the plan and a disqualified person during this plan year. Otherwise, check "No." | | | | |
| a | Sale, exchange, or lease of property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **13a** | | X | |
| b | Payment by the plan for services . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **13b** | | X | |
| c | Acquisition or holding of employer securities . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **13c** | | X | |
| d | Loan or extension of credit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **13d** | | X | |

| | | | Yes | No |
|---|---|---|---|---|
| 14a | Does your business have any employees other than you and your spouse (and your partners and their spouses)? (If 14a is "No," do not complete line 14b or line 14c. See the specific instructions for line 14b and line 14c.) . . . . . . . . . . ▶ | **14a** | | X |
| b | Total number of employees (including you and your spouse and your partners and their spouses) . . . . ▶ _____ | **14b** | | |
| c | Does this plan meet the coverage requirements of Code section 410(b)? . . . . . . . . . . . . . . . . . . . . . . . . ▶ | **14c** | | |
| 15a | Did the plan distribute any annuity contracts this plan year? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ | **15a** | | X |
| b | During this plan year, did the plan make distributions to a married participant in a form other than a qualified joint and survivor annuity or were any distributions on account of the death of a married participant made to beneficiaries other than the spouse of that participant? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ | **15b** | | X |
| c | During this plan year, did the plan make loans to married participants? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ | **15c** | | X |

Official Use Only





0 4 0 4 1 0 0 3 0 C

SHAKIB000088

Form **5500-EZ**

# Annual Return of One-Participant
# (Owners and Their Spouses) Retirement Plan

This form is required to be filed under
section 6058(a) of the Internal Revenue Code.
► Complete all entries in accordance with
the instructions to the Form 5500-EZ.

Department of the Treasury
Internal Revenue Service

| Official Use Only |
|---|
| OMB No. 1545-0956 |
| **2005** |
| This Form is Open to Public Inspection. |

## Part I    Annual Return Identification Information

For the calendar plan year 2005 or fiscal plan year beginning _____ , and ending _____

**A**  This return is:  (1) ☐ the first return filed for the plan;  (3) ☐ the final return filed for the plan;
(2) ☐ an amended return;  (4) ☐ a short plan year return (less than 12 months).

**B**  If filing under an extension of time, check box and attach required information. (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . . ► ☒

## Part II    Basic Plan Information — enter all requested information.

**1a**  Name of plan
INVESTORS GROUP OF NEVADA,   LP
DEFINED BENEFIT PENSION PLAN

**1b**  Three-digit
plan number (PN)  ►  001

**1c**  Date plan first became effective (mo., day, yr.)
01/01/2004

**2a**  Employer's name and address (Address should include room or suite no.)
INVESTORS GROUP OF NEVADA,   LP

9517 CAMINO CAPISTRANO LN

LAS VEGAS                    NV        89147-0000

**2b**  Employer Identification Number (EIN)
(Do not enter your Social Security Number)
88-0419658

**2c**  Employer's telephone number
702-220-7722

**2d**  Business code (see instructions)
531390

**3a**  Plan administrator's name and address (If same as employer, enter "Same")
SAME

**3b**  Administrator's EIN

**3c**  Administrator's telephone number

**4**  If the name and/or EIN of the employer has changed since the last return filed for this plan, enter
the name, EIN and the plan number from the last return here:

**a**  Employer's name

**b**  EIN

**c**  PN

**Caution:** A penalty for the late or incomplete filing of this return will be assessed unless reasonable cause is established.

Under penalties of perjury, I declare that I have examined this return (including, if applicable, any related Schedule B signed by an enrolled actuary and Schedule P signed by the plan trustee, which I will retain) and to the best of my knowledge and belief, it is true, correct, and complete.

**Sign Here**

_____
Signature of employer
or plan administrator

_____
Date

SIMON K. SHAKIB OR ZANNA M. SHAKIB
_____
Type or print name of individual signing as
employer or plan administrator

For Paperwork Reduction Act Notice, see the instructions for Form 5500-EZ.          v8.2          Form **5500-EZ** (2005)



0  4  0  5  5  4  0  1  0  J

SHAKIB000059

Form 5500-EZ (2005)          Page **2**

| | Official Use Only |
|---|---|

**5a** Preparer Information (optional)        **b** EIN

       **c** Telephone number

**6** Type of plan:  **a** ☒ Defined benefit pension plan (other than a plan described in Code section 412(i))  **b** ☐ Defined benefit pension plan described in Code section 412(i)
      **c** ☐ Money purchase pension plan         **d** ☐ Profit–sharing plan
      **e** ☐ Stock bonus plan    **f** ☐ ESOP plan

**7a** If this is a master/prototype, or regional prototype plan, enter the opinion/notification letter number . . . . . . . . ▶ _____
  **b** Check if this plan covers: (1) ☐ Self–employed individuals,    (2) ☒ Partner(s) in a partnership, or    (3) ☐ 100% owner of corporation
**8a** Enter the number of qualified pension benefit plans maintained by the employer (including this plan) . . . . . . . . . . ▶      | 1
  **b** Check here if you have more than one plan and the total assets of all plans are more than $100,000 (see instructions) . . . . . . . . . . . . . ▶ ☐

**9** Enter the number of participants in each category listed below:

| | | | Number |
|---|---|---|---|
| **a** | Under age 59 1/2 at the end of the plan year . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **9a** | 1 |
| **b** | Age 59 1/2 or older at the end of the plan year, but under age 70 1/2 at the beginning of the plan year . . | **9b** | 1 |
| **c** | Age 70 1/2 or older at the beginning of the plan year . . . . . . . . . . . . . . . . . . . . . . | **9c** | 0 |

**10a** (1) Is this a fully insured pension plan which is funded entirely by insurance or annuity contracts? . . . . . ▶ ☐ Yes    ☒ No
         If "Yes," complete lines 10a(1) through 10f and skip lines 10g through 13d.
         (2) If 10a(1) is "Yes," are the insurance contracts held: . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐ under a trust    ☐ with no trust

| | | | |
|---|---|---|---|
| **b** | Cash contributions received by the plan for this plan year . . . . . . . . . . . . . . . . . . . . . . . . . | **10b** | 212095 |
| **c** | Noncash contributions received by the plan for this plan year . . . . . . . . . . . . . . . . . . . . . . . | **10c** | 0 |
| **d** | Total plan distributions to participants or beneficiaries (see instructions) . . . . . . . . . . . . . . . . | **10d** | 0 |
| **e** | Total nontaxable plan distributions to participants or beneficiaries . . . . . . . . . . . . . . . . . . . | **10e** | 0 |
| **f** | Transfers to other plans . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10f** | 0 |
| **g** | Amounts received by the plan other than from contributions . . . . . . . . . . . . . . . . . . . . . . . | **10g** | 0 |
| **h** | Plan expenses other than distributions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10h** | 95 |

| | | | (a) Beginning of Year | (b) End of Year |
|---|---|---|---|---|
| **11a** | Total plan assets . . . . . . . . . . . . . . . . . . . . . . | **11a** | 212095 | 424095 |
| **b** | Total plan liabilities . . . . . . . . . . . . . . . . . . . . . . | **11b** | 0 | 0 |

**12** Specific Assets: If the plan held assets at any time during the plan year in any of the following categories, check "Yes" and enter the current value of any assets remaining in the plan as of the end of the plan year. Otherwise, check "No."

| | | | Yes | No | Amount |
|---|---|---|---|---|---|
| **a** | Partnership/joint venture interests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **12a** | | X | |
| **b** | Employer real property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **12b** | | X | |
| **c** | Real estate (other than employer real property) . . . . . . . . . . . . . . . . . . . . . . . . . | **12c** | | X | |
| **d** | Employer securities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **12d** | | X | |
| **e** | Participant loans (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **12e** | | X | |
| **f** | Loans (other than to participants) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **12f** | | X | |
| **g** | Tangible personal property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **12g** | | X | |





0 4 0 5 5 4 0 2 0 K

SHAKIB000060

Form 5500-EZ (2005)                                                                    Page **3**

Official Use Only

| 13 | Check "Yes" and enter amount involved if any of the following transactions took place between the plan and a disqualified person during this plan year. Otherwise, check "No." | | Yes | No | Amount |
|----|---|---|---|---|---|
| a | Sale, exchange, or lease of property ................................................. | 13a | | X | |
| b | Payment by the plan for services ................................................... | 13b | | X | |
| c | Acquisition or holding of employer securities ........................................ | 13c | | X | |
| d | Loan or extension of credit ........................................................ | 13d | | X | |

| 14a | Does your business have any employees other than you and your spouse (and your partners and their spouses)? (If 14a is "No," do not complete line 14b or line 14c. See the specific instructions for line 14b and line 14c.) ........... ▶ | 14a | Yes | No X |
|----|---|---|---|---|
| b | Total number of employees (including you and your spouse and your partners and their spouses) .... ▶ _____ | | | |
| c | Does this plan meet the coverage requirements of Code section 410(b)? ..................................... ▶ | 14c | | |
| 15a | Did the plan distribute any annuity contracts this plan year? ............................................. ▶ | 15a | | X |
| b | During this plan year, did the plan make distributions to a married participant in a form other than a qualified joint and survivor annuity or were any distributions on account of the death of a married participant made to beneficiaries other than the spouse of that participant? ....................................................................... ▶ | 15b | | X |
| c | During this plan year, did the plan make loans to married participants? ...................................... ▶ | 15c | | X |





0 4 0 5 5 4 0 3 0 L

SHAKIB000061

Form **5500–EZ**

Department of the Treasury
Internal Revenue Service

## Annual Return of One–Participant
## (Owners and Their Spouses) Retirement Plan

This form is required to be filed under
section 6058(a) of the Internal Revenue Code.
► Complete all entries in accordance with
the instructions to the Form 5500–EZ.

Official Use Only

OMB No. 1545–0956

**2006**

This Form is Open to
Public Inspection.

**Part I   Annual Return Identification Information**

For the calendar plan year 2006 or fiscal plan year beginning _____ and ending _____

A  This return is:
(1) ☐ the first return filed for the plan;
(2) ☐ an amended return;
(3) ☐ the final return filed for the plan;
(4) ☐ a short plan year return (less than 12 months).

B  If filing under an extension of time, check box and attach required information. (see instructions) . . . . . . . . . . . . . . . . . ► ☒

**Part II   Basic Plan Information** — enter all requested information.

| | |
|---|---|
| **1a** Name of plan<br>NEVADA K, LLC<br>DEFINED BENEFIT PENSION PLAN | **1b** Three-digit<br>plan number (PN)  ►  001 |
| | **1c** Date plan first became effective (mo., day, yr.)<br>01/01/2004 |
| **2a** Employer's name and address (Address should include room or suite no.)<br>NEVADA K, LLC<br><br>9517 CAMINO CAPISTRANO LN<br><br>LAS VEGAS                NV        89147-0000 | **2b** Employer Identification Number (EIN)<br>(Do not enter your Social Security Number)<br>20-2378534 |
| | **2c** Employer's telephone number<br>702-303-6363 |
| | **2d** Business code (see instructions)<br>531390 |
| **3a** Plan administrator's name and address (if same as employer, enter "Same")<br>SAME | **3b** Administrator's EIN |
| | **3c** Administrator's telephone number |

4  If the name and/or EIN of the employer has changed since the last return filed for this plan, enter
the name, EIN and the plan number from the last return here:

a  Employer's name     INVESTORS GROUP OF NEVADA, LP

b  EIN

c  PN

**Caution:** A penalty for the late or incomplete filing of this return will be assessed unless reasonable cause is established.

Under penalties of perjury, I declare that I have examined this return (including, if applicable, any related Schedule B signed by an enrolled actuary, which I will retain) and to the best of my knowledge and belief, it is true, correct, and complete.

SIGN
HERE ►

Signature of employer
or plan administrator

Date

SIMON K. SHAKIB OR ZANNA M. SHAKIB
Type or print name of individual signing as
employer or plan administrator

For Paperwork Reduction Act Notice, see the instructions for Form 5500–EZ.

v9.1

Form **5500-EZ** (2006)

0  4  0  6  0  3  0  1  0  E

SHAKIB000041

Form 5500-EZ (2006)                                                          Page **2**

| | | Official Use Only |
|---|---|---|

**5a** Preparer information (optional)

**b** EIN

**c** Telephone number

**6** Type of plan: **a** ☒ Defined benefit pension plan (other than a plan described in Code section 412(l))   **b** ☐ Defined benefit pension plan described in Code section 412(l)
  **c** ☐ Money purchase pension plan   **d** ☐ Profit-sharing plan
  **e** ☐ Stock bonus plan   **f** ☐ ESOP plan

**7a** If this is a master/prototype, or regional prototype plan, enter the opinion/notification letter number . . . . . . . . ▶

**b** Check if this plan covers: (1) ☐ Self-employed individuals,   (2) ☒ Partner(s) in a partnership, or   (3) ☐ 100% owner of corporation

**8a** Enter the number of qualified pension benefit plans maintained by the employer (including this plan) . . . . . . . . . . ▶ | 1

**b** Check here if you have more than one plan and the total assets of all plans are more than $100,000 (see instructions) . . . . . . . . . . . . . . . . . ▶ ☐

**9** Enter the number of participants in each category listed below:

| | | | Number |
|---|---|---|---|
| **a** | Under age 59 1/2 at the end of the plan year . . . . . . . . . . . . . . . . . . . . . . . . . | **9a** | 1 |
| **b** | Age 59 1/2 or older at the end of the plan year, but under age 70 1/2 at the beginning of the plan year . . | **9b** | 1 |
| **c** | Age 70 1/2 or older at the beginning of the plan year . . . . . . . . . . . . . . . . . . . . . | **9c** | 0 |

**10a** (1) Is this a fully insured pension plan which is funded entirely by insurance or annuity contracts? . . . . . ▶ ☐ Yes   ☒ No
  If "Yes," complete lines 10a(2) through 10f and skip lines 10g through 13d.

  (2) If 10a(1) is "Yes," are the insurance contracts held: . . . . . . . . . . . . . . . . . . . . ▶ ☐ under a trust   ☐ with no trust

| | | | |
|---|---|---|---|
| **b** | Cash contributions received by the plan for this plan year . . . . . . . . . . . . . . . . . . | **10b** | 209894 |
| **c** | Noncash contributions received by the plan for this plan year . . . . . . . . . . . . . . . . | **10c** | 0 |
| **d** | Total plan distributions to participants or beneficiaries (see instructions) . . . . . . . . . . . | **10d** | 0 |
| **e** | Total nontaxable plan distributions to participants or beneficiaries . . . . . . . . . . . . . . | **10e** | 0 |
| **f** | Transfers to other plans . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10f** | 0 |
| **g** | Amounts received by the plan other than from contributions . . . . . . . . . . . . . . . . . . | **10g** | 6030 |
| **h** | Plan expenses other than distributions . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10h** | 0 |

**i** (1) Is this a defined benefit plan subject to minimum funding requirements (see instructions)? . . . . . . . . ▶ ☒ Yes   ☐ No

  (2) If 10i(1) is "Yes," has the enrolled actuary for the plan certified that the contributions for this plan year meet minimum funding requirements? . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☒ Yes   ☐ No

  (3) If 10i(2) is "No," enter the amount of the funding deficiency as shown on line 10 of the Schedule B (Form 5500) (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **i(3)** |

| | | | (a) Beginning of Year | (b) End of Year |
|---|---|---|---|---|
| **11a** | Total plan assets . . . . . . . . . . . . . . . . . . . . . . . . . . | **11a** | 424095 | 640019 |
| **b** | Total plan liabilities . . . . . . . . . . . . . . . . . . . . . . . . | **11b** | 0 | 0 |

v9.0





0 4 0 6 0 3 0 2 0 F

SHAKIB000042

Form 5500-EZ (2006)          Page **3**

Official Use Only

**12**   **Specific Assets:** If the plan held assets at any time during the plan year in any of the following categories, check "Yes" and enter the current value of any assets remaining in the plan as of the end of the plan year. Otherwise, check "No."

|  |  |  | Yes | No | Amount |
|---|---|---|---|---|---|
| a | Partnership/joint venture interests | **12a** | | X | |
| b | Employer real property | **12b** | | X | |
| c | Real estate (other than employer real property) | **12c** | | X | |
| d | Employer securities | **12d** | | X | |
| e | Participant loans (see instructions) | **12e** | | X | |
| f | Loans (other than to participants) | **12f** | | X | |
| g | Tangible personal property | **12g** | | X | |

**13**   Check "Yes" and enter amount involved if any of the following transactions took place between the plan and a disqualified person during this plan year. Otherwise, check "No."

|  |  |  | Yes | No | Amount |
|---|---|---|---|---|---|
| a | Sale, exchange, or lease of property | **13a** | | X | |
| b | Payment by the plan for services | **13b** | | X | |
| c | Acquisition or holding of employer securities | **13c** | | X | |
| d | Loan or extension of credit | **13d** | | X | |

|  |  |  | Yes | No |
|---|---|---|---|---|
| **14a** | Does your business have any employees other than you and your spouse (and your partners and their spouses)? (If 14a is "No," do not complete line 14b or line 14c. See the specific instructions for line 14b and line 14c.) ▶ | **14a** | | X |
| b | Total number of employees (including you and your spouse and your partners and their spouses) . . . . ▶ | | | |
| c | Does this plan meet the coverage requirements of Code section 410(b)? ▶ | **14c** | | |
| **15a** | Did the plan distribute any annuity contracts this plan year? ▶ | **15a** | | X |
| b | During this plan year, did the plan make distributions to a married participant in a form other than a qualified joint and survivor annuity or were any distributions on account of the death of a married participant made to beneficiaries other than the spouse of that participant? ▶ | **15b** | | X |
| c | During this plan year, did the plan make loans to married participants? ▶ | **15c** | | X |

v9.0





0 4 0 6 0 3 0 G

SHAKIB000043

Form **5500-EZ**

**Annual Return of One-Participant (Owners and Their Spouses) Retirement Plan**
This form is required to be filed under
section 6058(a) of the Internal Revenue Code.
▶ Complete all entries in accordance with
the instructions to the Form 5500-EZ.

Department of the Treasury
Internal Revenue Service

Official Use Only
OMB No. 1545-0956

**2007**

This Form is Open to
Public Inspection.

**Part I   Annual Return Identification Information**

For the calendar plan year 2007 or fiscal plan year beginning ___ and ending ___

**A** This return is:
(1) ☐ the first return filed for the plan;
(2) ☐ an amended return;
(3) ☐ the final return filed for the plan;
(4) ☐ a short plan year return (less than 12 months).

**B** If filing under an extension of time, check box and attach required information. (see instructions) . . . . . . . . . . . . . . . . . ▶ ☒

**Part II   Basic Plan Information** — enter all requested information.

| | |
|---|---|
| **1a** Name of plan<br>NEVADA K, LLC<br>DEFINED BENEFIT PENSION PLAN | **1b** Three-digit<br>plan number (PN)   ▶   001 |
| | **1c** Date plan first became effective (mo., day, yr.)<br>01/01/2004 |
| **2a** Employer's name and address (Address should include room or suite no.)<br>NEVADA K, LLC | **2b** Employer Identification Number (EIN)<br>(Do not enter your Social Security Number)<br>20-2378534 |
| | **2c** Employer's telephone number<br>702-303-6363 |
| 9517 CAMINO CAPISTRANO LN | **2d** Business code (see instructions)<br>531390 |
| LAS VEGAS          NV          89147 | |
| **3a** Plan administrator's name and address (If same as employer, enter "Same")<br>SAME | **3b** Administrator's EIN |
| | **3c** Administrator's telephone number |

**4** If the name and/or EIN of the employer has changed since the last return filed for this plan, enter
the name, EIN and the plan number from the last return here:
**a** Employer's name

**b** EIN

**c** PN

Caution: A penalty for the late or incomplete filing of this return will be assessed unless reasonable cause is established.

Under penalties of perjury, I declare that I have examined this return (including, if applicable, any related Schedule B signed by an enrolled actuary, which I will retain) and to the best of my knowledge and belief, it is true, correct, and complete.

**SIGN HERE**

Signature of employer
or plan administrator

Date

SIMON K. SHAKIB OR ZANNA M. SHAKIB
Type or print name of individual signing as
employer or plan administrator

For Paperwork Reduction Act Notice, see the instructions for Form 5500-EZ.          v10.1          Form **5500-EZ** (2007)

0 4 0 7 3 2 0 1 0 H

SHAKIB000023

Form 5500-EZ (2007)                                                          Page **2**

| | | Official Use Only |
|---|---|---|
| **5a** Preparer information (optional) | | **b** EIN |
| | | **c** Telephone number |

**6** Type of plan:  a: [X] Defined benefit pension plan (other than a plan described in Code section 412(i))   b: [ ] Defined benefit pension plan described in Code section 412(i)
   c [ ] Money purchase pension plan       d [ ] Profit-sharing plan
   e [ ] Stock bonus plan       f [ ] ESOP plan

**7a** If this is a master/prototype, or regional prototype plan, enter the opinion/notification letter number . . . . . . . ▶
**b** Check if this plan covers: (1) [ ] Self-employed individuals,   (2) [X] Partner(s) in a partnership, or   (3) [ ] 100% owner of corporation

**8a** Enter the number of qualified pension benefit plans maintained by the employer (including this plan) . . . . . . . . . . ▶ _____ 2
**b** Check here if you have more than one plan and the total assets of all plans are more than $250,000 (see instructions) . . . . . . . . . . . . . . . . . ▶ [X]

**9** Enter the number of participants in each category listed below: | | Number |
|---|---|---|
| **a** Under age 59 1/2 at the end of the plan year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **9a** | 1 |
| **b** Age 59 1/2 or older at the end of the plan year, but under age 70 1/2 at the beginning of the plan year . . | **9b** | 1 |
| **c** Age 70 1/2 or older at the beginning of the plan year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **9c** | 0 |

**10a** (1) Is this a fully insured pension plan which is funded entirely by insurance or annuity contracts? . . . . . . ▶ [ ] Yes   [X] No
      If "Yes," complete lines 10a(2) through 10f and skip lines 10g through 13d.
   (2) If 10a(1) is "Yes," are the insurance contracts held: . . . . . . . . . . . . . . . . . . . . . . ▶ [ ] under a trust   [ ] with no trust

| | | | |
|---|---|---|---|
| **b** Cash contributions received by the plan for this plan year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10b** | 0 |
| **c** Noncash contributions received by the plan for this plan year . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10c** | 0 |
| **d** Total plan distributions to participants or beneficiaries (see instructions) . . . . . . . . . . . . . . . . . . . | **10d** | 0 |
| **e** Total nontaxable plan distributions to participants or beneficiaries . . . . . . . . . . . . . . . . . . . . . . . | **10e** | 0 |
| **f** Transfers to other plans . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10f** | 0 |
| **g** Amounts received by the plan other than from contributions . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10g** | 19292 |
| **h** Plan expenses other than distributions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10h** | 0 |

**i** (1) Is this a defined benefit plan subject to minimum funding requirements (see instructions)? . . . . . . . . ▶ [X] Yes   [ ] No
   (2) If 10i(1) is "Yes," has the enrolled actuary for the plan certified that the contributions for this plan
       year meet minimum funding requirements? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ [X] Yes   [ ] No
   (3) If 10i(2) is "No," enter the amount of the funding deficiency as shown on line 10 of the Schedule B
       (Form 5500) (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **i(3)**

| | | (a) Beginning of Year | (b) End of Year |
|---|---|---|---|
| **11a** Total plan assets . . . . . . . . . . . . . . . . . . . . . . . | **11a** | 640019 | 659311 |
| **b** Total plan liabilities. . . . . . . . . . . . . . . . . . . . . . | **11b** | 0 | 0 |




0 4 0 7 3 2 2 0 2 0 1

SHAKIB000024

Form 5500-EZ (2007)                                                Page **3**

Official Use Only

**12**  **Specific Assets:** If the plan held assets at any time during the plan year in any of the following categories, check "Yes" and enter the current value of any assets remaining in the plan as of the end of the plan year. Otherwise, check "No."

|   |   | | Yes | No | Amount |
|---|---|---|-----|-----|--------|
| a | Partnership/joint venture interests | 12a | | X | |
| b | Employer real property | 12b | | X | |
| c | Real estate (other than employer real property) | 12c | | X | |
| d | Employer securities | 12d | | X | |
| e | Participant loans (see instructions) | 12e | | X | |
| f | Loans (other than to participants) | 12f | | X | |
| g | Tangible personal property | 12g | | X | |

**13**  Check "Yes" and enter amount involved if any of the following transactions took place between the plan and a disqualified person during this plan year. Otherwise, check "No."

|   |   | | Yes | No | Amount |
|---|---|---|-----|-----|--------|
| a | Sale, exchange, or lease of property | 13a | | X | |
| b | Payment by the plan for services | 13b | | X | |
| c | Acquisition or holding of employer securities | 13c | | X | |
| d | Loan or extension of credit | 13d | | X | |

|   |   | | Yes | No |
|---|---|---|-----|-----|
| **14a** | Does your business have any employees other than you and your spouse (and your partners and their spouses)? (If 14a is "No," do not complete line 14b or line 14c. See the specific instructions for line 14b and line 14c.) ▶ | **14a** | | X |
| b | Total number of employees (including you and your spouse and your partners and their spouses) .... ▶ | | | |
| c | Does this plan meet the coverage requirements of Code section 410(b)? ▶ | **14c** | | |
| **15a** | Did the plan distribute any annuity contracts this plan year? ▶ | **15a** | | X |
| b | During this plan year, did the plan make distributions to a married participant in a form other than a qualified joint and survivor annuity or were any distributions on account of the death of a married participant made to beneficiaries other than the spouse of that participant? ▶ | **15b** | | X |
| c | During this plan year, did the plan make loans to married participants? ▶ | **15c** | | X |



0 4 0 7 3 2 0 3 0 J

SHAKIB000025

**SCHEDULE R**
**(Form 5500)**

Department of the Treasury
Internal Revenue Service

Department of Labor
Employee Benefits Security
Administration

Pension Benefit Guaranty Corporation

# Retirement Plan Information

This schedule is required to be filed under sections 104 and 4065 of the
Employee Retirement Income Security Act of 1974 (ERISA) and section 6058(a)
of the Internal Revenue Code (the Code).

▶ **File as an Attachment to Form 5500.**

Official Use Only

OMB No. 1210–0110

**2007**

This Form is Open to
Public Inspection.

For calendar year 2007 or fiscal plan year beginning _____ and ending _____

| | | |
|---|---|---|
| **A** Name of plan NEVADA K, LLC DEFINED BENEFIT PENSION PLAN | **B** Three–digit plan number ▶ | 001 |
| **C** Plan sponsor's name as shown on line 2a of Form 5500 NEVADA K, LLC | **D** Employer Identification Number 20-2378534 | |

## Part I   Distributions

All references to distributions relate only to payments of benefits during the plan year.

**1** Total value of distributions paid in property other than in cash or the forms of property specified
in the instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1** $   0

**2** Enter the EIN(s) of payor(s) who paid benefits on behalf of the plan to participants or beneficiaries
during the year (if more than two, enter EINs of the two payors who paid the greatest dollar amounts
of benefits).
Profit–sharing plans, ESOPs, and stock bonus plans, skip line 3.

**3** Number of participants (living or deceased) whose benefits were distributed in a single sum, during
the plan year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

## Part II   Funding Information (If the plan is not subject to the minimum funding requirements of section 412 of the Internal Revenue Code or ERISA section 302, skip this Part)

**4** Is the plan administrator making an election under Code section 412(c)(8) or ERISA section 302(c)(8)? . . . . . . . . . . . ☐ Yes ☒ No ☐ N/A
If the plan is a defined benefit plan, go to line 7.

**5** If a waiver of the minimum funding standard for a prior year is being amortized in this
plan year, see instructions, and enter the date of the ruling letter granting the waiver . . . . . . . . . . . . . ▶   Month_____ Day_____ Year_____
If you completed line 5, complete lines 3, 9, and 10 of Schedule B and do not complete the remainder of this schedule.

**6a** Enter the minimum required contribution for this plan year . . . . . . . . . . . . . . . . . . . . . . **6a** $

**b** Enter the amount contributed by the employer to the plan for this plan year . . . . . . . . . . . . . . . . . . . . . . **6b** $

**c** Subtract the amount in line 6b from the amount in line 6a. Enter the result (enter a minus sign to the left
of a negative amount) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6c** $
If you completed line 6c, skip lines 7 and 8 and complete line 9.

**7** If a change in actuarial cost method was made for this plan year pursuant to a revenue procedure providing automatic
approval for the change or a class ruling letter, does the plan sponsor or plan administrator agree with the change? . . . ☐ Yes ☐ No ☒ N/A

## Part III   Amendments

**8** If this is a defined benefit pension plan, were any amendments adopted during this plan year that
increased or decreased the value of benefits? If yes, check the appropriate box(es). If no, check the
"No" box. (See instructions). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Increase ☐ Decrease ☒ No

## Part IV   Coverage (See instructions.)

**9** Check the box for the test this plan used to satisfy the coverage requirements . . . . ☒ the ratio percentage test   ☐ average benefit test

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.   v10.1   Schedule R (Form 5500) 2007

2 2 0 7 3 2 0 1 0 H

SHAKIB000026

Form **5558**
(Rev. January 2008)
Department of the Treasury
Internal Revenue Service

## Application for Extension of Time
## To File Certain Employee Plan Returns

► For Privacy Act and Paperwork Reduction Act Notice, see instructions on page 3.

OMB No. 1545-0212

**File With IRS Only**

**Part I**   Identification

| | |
|---|---|
| **A** Name of filer, plan administrator, or plan sponsor (see instructions) | **B** Filer's identifying number (see instructions). |
| NEVADA K, LLC | ☒ Employer identification number (EIN). |
| Number, street, and room or suite no. (if a P.O. box, see instructions) | 20-2378534 |
| 9517 CAMINO CAPISTRANO LN | ☐ Social security number (SSN) |
| City or town, state, and ZIP code | |
| LAS VEGAS                              NV   89147 | |

| C | Plan name | Plan number | Plan year ending— | | |
|---|---|---|---|---|---|
| | | | MM | DD | YYYY |
| 1 | NEVADA K, LLC DEFINED BENEFIT PENSION PLAN | 0  0  1 | 12 | 31 | 2007 |
| 2 | | | | | |
| 3 | | | | | |

**Part II**   Extension of Time to File Form 5500 or Form 5500-EZ *(see instructions)*

1   I request an extension of time until ___10__ / __15__ / __2008__ to file Form 5500 or Form 5500-EZ.

The application **is automatically approved** to the date shown on line 1 (above) if: **(a)** the Form 5558 is filed on or before the normal due date of Form 5500 or 5500-EZ for which this extension is requested, and **(b)** the date on line 1 is no more than 2½ months after the normal due date.

**You must attach a copy of this Form 5558 to each Form 5500 and 5500-EZ filed after the due date for the plans listed in C above.**

**Note.** A signature is not required if you are requesting an extension to file Form 5500 or Form 5500-EZ.

**Part III**   Extension of Time to File Form 5330 *(see instructions)*

2   I request an extension of time until _____ / _____ / _____ to file Form 5330.
You may be approved for up to a six (6) month extension to file Form 5330, after the normal due date of Form 5330.

a   Enter the Code section(s) imposing the tax . . . . . . . . .   ► | a |

b   Enter the payment amount attached . . . . . . . . . . .   ► | b |

c   For excise taxes under section 4980 or 4980F of the Code, enter the reversion/amendment date . . .   ► | c |

3   State in detail why you need the extension

--------------------------------------------------------
--------------------------------------------------------
--------------------------------------------------------
--------------------------------------------------------
--------------------------------------------------------
--------------------------------------------------------
--------------------------------------------------------
--------------------------------------------------------
--------------------------------------------------------
--------------------------------------------------------

Under penalties of perjury, I declare that to the best of my knowledge and belief, the statements made on this form are true, correct, and complete, and that I am authorized to prepare this application. Zaff T. Zuberi

SHAKIB000027

Signature ►                                         Date ► 07/15/2008

MGA                                                  Form **5558** (Rev. 1-2008)

**Form 5500-EZ**

Department of the Treasury
Internal Revenue Service

**Annual Return of One-Participant
(Owners and Their Spouses) Retirement Plan**
This form is required to be filed under
section 6058(a) of the Internal Revenue Code.
▶ Complete all entries in accordance with
the instructions to the Form 5500-EZ.

Official Use Only

OMB No. 1545-0956

**2008**

This Form is Open to
Public Inspection.

## Part I  Annual Return Identification Information

For the calendar plan year 2008 or fiscal plan year beginning _____ and ending _____

**A** This return is: **(1)** ☐ the first return filed for the plan;  **(3)** ☐ the final return filed for the plan;
**(2)** ☐ an amended return;  **(4)** ☐ a short plan year return (less than 12 months).

**B** If filing under an extension of time, check box and attach required information. (see instructions) . . . . . . . . . . ▶ ☒

## Part II  Basic Plan Information — enter all requested information.

| | |
|---|---|
| **1a** Name of plan<br>NEVADA K, LLC<br>DEFINED BENEFIT PENSION PLAN | **1b** Three-digit<br>plan number (PN)  ▶   001 |
| | **1c** Date plan first became effective (mo., day, yr.)<br>01/01/2004 |
| **2a** Employer's name and address (Address should include room or suite no.)<br>NEVADA K, LLC<br><br><br>9517 CAMINO CAPISTRANO LN<br><br><br>LAS VEGAS            NV           89147 | **2b** Employer Identification Number (EIN)<br>(Do not enter your Social Security Number)<br>20-2378534 |
| | **2c** Employer's telephone number<br>702-303-6363 |
| | **2d** Business code (see instructions)<br>531390 |
| **3a** Plan administrator's name and address (if same as employer, enter "Same")<br>SAME | **3b** Administrator's EIN |
| | **3c** Administrator's telephone number |

| | | |
|---|---|---|
| **4** If the name and/or EIN of the employer has changed since the last return filed for this plan, enter<br>the name, EIN and the plan number from the last return here:<br>**a** Employer's name | **b** EIN | |
| | **c** PN | |

**Caution:** A penalty for the late or incomplete filing of this return will be assessed unless reasonable cause is established.

Under penalties of perjury, I declare that I have examined this return (including, if applicable, any related Schedule MB (Form 5500) or Schedule SB (Form 5500) signed by an enrolled actuary, which I will retain) and to the best of my knowledge and belief, it is true, correct and complete.

Signature of employer
or plan administrator                   Date  10/15/08

SIMON K. SHAKIB OR ZANNA M. SHAKIB
Type or print name of individual signing as
employer or plan administrator

For Paperwork Reduction Act Notice, see the instructions for Form 5500-EZ.            v11.3            Form **5500-EZ** (2008)

0   4   0   8   6   0   0   1   0   J

SHAKIB 00017

Form 5500-EZ (2008)                                                    Page **2**

| | | Official Use Only |
|---|---|---|
| **5a** | Preparer information (optional) | **b** EIN |
| | | **c** Telephone number |

**6** Type of plan:  a ☒ Defined benefit pension plan (other than a plan described in Code section 412(e)(3))  b ☐ Defined benefit pension plan described in Code section 412(e)(3)
  c ☐ Money purchase pension plan      d ☐ Profit–sharing plan
  e ☐ Stock bonus plan      f ☐ ESOP plan

**7a** If this is a master/prototype, or regional prototype plan, enter the opinion/notification letter number . . . . . . . . ▶
  **b** Check if this plan covers: (1) ☐ Self–employed individuals,  (2) ☒ Partner(s) in a partnership, or  (3) ☐ 100% owner of corporation

**8a** Enter the number of qualified pension benefit plans maintained by the employer (including this plan) . . . . . . . . . . ▶ | 2
  **b** Check here if you have more than one plan and the total assets of all plans are more than $250,000 (see instructions) . . . . . . . . . . . . . . . . ▶ ☒

**9** Enter the number of participants in each category listed below:

| | | | Number |
|---|---|---|---|
| **a** | Under age 59 1/2 at the end of the plan year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **9a** | 1 |
| **b** | Age 59 1/2 or older at the end of the plan year, but under age 70 1/2 at the beginning of the plan year . . | **9b** | 1 |
| **c** | Age 70 1/2 or older at the beginning of the plan year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **9c** | 0 |

**10a** (1) Is this a fully insured pension plan which is funded entirely by insurance or annuity contracts? . . . . . . ▶ ☐ Yes  ☒ No
  If "Yes," complete lines 10a(2) through 10f and skip lines 10g through 13d.
  (2) If line 10a(1) is "Yes," are the insurance contracts held: . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐ under a trust  ☐ with no trust

| | | | |
|---|---|---|---|
| **b** | Cash contributions received by the plan for this plan year . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10b** | 0 |
| **c** | Noncash contributions received by the plan for this plan year . . . . . . . . . . . . . . . . . . . . . . . . . | **10c** | 0 |
| **d** | Total plan distributions to participants or beneficiaries (see instructions) . . . . . . . . . . . . . . . . . | **10d** | 0 |
| **e** | Total nontaxable plan distributions to participants or beneficiaries . . . . . . . . . . . . . . . . . . . . . | **10e** | 0 |
| **f** | Transfers to other plans . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10f** | 0 |
| **g** | Amounts received by the plan other than from contributions . . . . . . . . . . . . . . . . . . . . . . . . . | **10g** | 23968 |
| **h** | Plan expenses other than distributions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **10h** | 0 |

**i** (1) Is this a defined benefit plan subject to minimum funding requirements (see instructions)? . . . . . . . . ▶ ☒ Yes  ☐ No
  (2) If line 10i(1) is "Yes," has the enrolled actuary for the plan certified that the contributions for this plan year meet minimum funding requirements? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☒ Yes  ☐ No
  (3) If line 10i(2) is "No," enter the amount of the unpaid minimum contribution on line 40 of Schedule SB (Form 5500) (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **i(3)** |

| | | | (a) Beginning of Year | (b) End of Year |
|---|---|---|---|---|
| **11a** | Total plan assets . . . . . . . . . . . . . . . . . . . . . . . . | **11a** | 659311 | 683337 |
| **b** | Total plan liabilities . . . . . . . . . . . . . . . . . . . . . . . | **11b** | 0 | 0 |



0   4   0   8   6   0   0   2   0   K

SHAKIB000018

Official Use Only

**12 Specific Assets:** If the plan held assets at any time during the plan year in any of the following categories, check "Yes" and enter the current value of any assets remaining in the plan as of the end of the plan year. Otherwise, check "No."

| | | | Yes | No | Amount |
|---|---|---|---|---|---|
| a | Partnership/joint venture interests | 12a | | X | |
| b | Employer real property | 12b | | X | |
| c | Real estate (other than employer real property) | 12c | | X | |
| d | Employer securities | 12d | | X | |
| e | Participant loans (see instructions) | 12e | | X | |
| f | Loans (other than to participants) | 12f | | X | |
| g | Tangible personal property | 12g | | X | |

**13** Check "Yes" and enter amount involved if any of the following transactions took place between the plan and a disqualified person during this plan year. Otherwise, check "No."

| | | | Yes | No | Amount |
|---|---|---|---|---|---|
| a | Sale, exchange, or lease of property | 13a | | X | |
| b | Payment by the plan for services | 13b | | X | |
| c | Acquisition or holding of employer securities | 13c | | X | |
| d | Loan or extension of credit | 13d | | X | |

| | | | Yes | No |
|---|---|---|---|---|
| 14a | Does your business have any employees other than you and your spouse (and your partners and their spouses)? (If line 14a is "No," do not complete line 14b or line 14c. See the specific instructions for line 14b and line 14c.) ▶ | 14a | | X |
| b | Total number of employees (including you and your spouse and your partners and their spouses) .... ▶ | 14b | | |
| c | Does this plan meet the coverage requirements of Code section 410(b)? ▶ | 14c | | |
| 15a | Did the plan distribute any annuity contracts this year? ▶ | 15a | | X |
| b | During this plan year, did the plan make distributions to a married participant in a form other than a qualified joint and survivor annuity or were any distributions on account of the death of a married participant made to beneficiaries other than the spouse of that participant? ▶ | 15b | | X |
| c | During this plan year, did the plan make loans to married participants? ▶ | 15c | | X |





0  4  0  8  6  0  0  3  0  L

SHAKIB000019

**SCHEDULE R**
**(Form 5500)**

Department of the Treasury
Internal Revenue Service

Department of Labor
Employee Benefits Security
Administration

Pension Benefit Guaranty Corporation

# Retirement Plan Information

This schedule is required to be filed under sections 104 and 4065 of the
Employee Retirement Income Security Act of 1974 (ERISA) and section 6058(a)
of the Internal Revenue Code (the Code).

▶ **File as an Attachment to Form 5500.**

| Official Use Only |
| --- |
| OMB No. 1210-0110 |
| **2008** |
| This Form is Open to Public Inspection. |

| For calendar year 2008 or fiscal plan year beginning | and ending | |
| --- | --- | --- |

| A  Name of plan | B  Three-digit | |
| --- | --- | --- |
| NEVADA K, LLC DEFINED BENEFIT PENSION PLAN | plan number ▶ | 001 |

| C  Plan sponsor's name as shown on line 2a of Form 5500 | D  Employer Identification Number |
| --- | --- |
| NEVADA K, LLC | 20-2378534 |

## Part I  Distributions

**All references to distributions relate only to payments of benefits during the plan year.**

1  Total value of distributions paid in property other than in cash or the forms of property specified
in the instructions ............................................................ **1** | $ | 0

2  Enter the EIN(s) of payor(s) who paid benefits on behalf of the plan to participants or beneficiaries during
the plan year (if more than two, enter EINs of the two payors who paid the greatest dollar amounts of
benefits). _____
**Profit-sharing plans, ESOPs, and stock bonus plans, skip line 3.**

3  Number of participants (living or deceased) whose benefits were distributed in a single sum, during
the plan year .................................................................. **3**

## Part II  Funding Information (If the plan is not subject to the minimum funding requirements of section 412 of the Internal Revenue Code or ERISA section 302, skip this Part)

4  Is the plan administrator making an election under Code section 412(d)(2) or ERISA section 302(d)(2)? ........... ☐ Yes ☒ No ☐ N/A
**If the plan is a defined benefit plan, go to line 7.**

5  If a waiver of the minimum funding standard for a prior plan year is being amortized in this
plan year, see instructions, and enter the date of the ruling letter granting the waiver ............ ▶ Month____ Day____ Year____
**If you completed line 5, complete lines 3, 9, and 10 of Schedule MB and do not complete the remainder of this schedule.**

6a  Enter the minimum required contribution for this plan year ................................... **6a** | $
b  Enter the amount contributed by the employer to the plan for this plan year ...................... **6b** | $
c  Subtract the amount in line 6b from the amount in line 6a. Enter the result (enter a minus sign to the left
of a negative amount) ......................................................... **6c** | $
**If you completed line 6c, skip lines 7 and 8 and complete line 9.**

7  If a change in actuarial cost method was made for this plan year pursuant to a revenue procedure providing automatic
approval for the change or a class ruling letter, does the plan sponsor or plan administrator agree with the change?.. ☐ Yes ☐ No ☒ N/A

## Part III  Amendments

8  If this is a defined benefit pension plan, were any amendments adopted during this plan year that
increased or decreased the value of benefits? If yes, check the appropriate box(es). If no, check the
"No" box. (See instructions.) ................................................... ☐ Increase ☐ Decrease ☒ No

## Part IV  Coverage (See instructions.)

9  Check the box for the test this plan used to satisfy the coverage requirements .... ☒ ratio percentage test ☐ average benefit test

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.    v11.3    Schedule R (Form 5500) 2008





2 2 0 8 6 0 0 1 0 J

SHAKIB000020

| Form **5558** | **Application for Extension of Time** | OMB No. 1545-0212 |
|---|---|---|
| (Rev. January 2008)<br>Department of the Treasury<br>Internal Revenue Service | **To File Certain Employee Plan Returns**<br>► For Privacy Act and Paperwork Reduction Act Notice, see instructions on page 3. | **File With IRS Only** |

## **Part I**   Identification

| **A**  Name of filer, plan administrator, or plan sponsor (see instructions) | **B**  Filer's identifying number (see instructions). |
|---|---|
| NEVADA K, LLC | ☒  Employer identification number (EIN). |
| Number, street, and room or suite no. (If a P.O. box, see instructions) | 20-2378534 |
| 9517 CAMINO CAPISTRANO LN | ☐  Social security number (SSN) |
| City or town, state, and ZIP code | |
| LAS VEGAS                    NV   89147 | |

| **C** | | Plan number | Plan year ending— | | |
|---|---|---|---|---|---|
| | Plan name | | MM | DD | YYYY |
| 1 | NEVADA K, LLC DEFINED BENEFIT PENSION PLAN | 0   0   1 | 12 | 31 | 2008 |
| 2 | | | | | |
| 3 | | | | | |

## **Part II**   Extension of Time to File Form 5500 or Form 5500-EZ *(see instructions)*

**1**   I request an extension of time until _10_ / _15_ / _2009_ to file Form 5500 or Form 5500-EZ.

The application is **automatically approved** to the date shown on line 1 (above) if: **(a)** the Form 5558 is filed on or before the normal due date of Form 5500 or 5500-EZ for which this extension is requested, and **(b)** the date on line 1 is no more than 2½ months after the normal due date.

You must attach a copy of this Form 5558 to each Form 5500 and 5500-EZ filed after the due date for the plans listed in C above.

**Note.** A signature is not required if you are requesting an extension to file Form 5500 or Form 5500-EZ.

## **Part III**   Extension of Time to File Form 5330 *(see instructions)*

**2**   I request an extension of time until _____ / _____ / _____ to file Form 5330.
     You may be approved for up to a six (6) month extension to file Form 5330, after the normal due date of Form 5330.

**a**   Enter the Code section(s) imposing the tax  .  .  .  .  .  .  .  .  .  ►  | **a** |

**b**   Enter the payment amount attached  .  .  .  .  .  .  .  .  .  .  ►  | **b** |

**c**   For excise taxes under section 4980 or 4980F of the Code, enter the reversion/amendment date  .  .  .  ►  | **c** |

**3**   State in detail why you need the extension

------------------------------------------------------------

------------------------------------------------------------

------------------------------------------------------------

------------------------------------------------------------

------------------------------------------------------------

------------------------------------------------------------

------------------------------------------------------------

------------------------------------------------------------

------------------------------------------------------------

------------------------------------------------------------

------------------------------------------------------------

------------------------------------------------------------

------------------------------------------------------------

Under penalties of perjury, I declare that to the best of my knowledge and belief, the statements made on this form are true, correct, and complete, and that I am authorized to prepare this application.

SHAKIB000021

Signature ►                                                          Date ►  07/23/2009

MGA                                                                 Form **5558** (Rev. 1-2008)