UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WINDMILL & EASTERN, LLC., | 2:11-cv-1082-LDG-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| SIMON SHAKIB, an individual and as the trustee of the Nevada K, LLC Defined Pension Plan; et al., | |
| Defendants. | |

Pending are the parties' cross-motions for summary judgment (defendants' #30, errata #33, response #31) (plaintiff's #32). Plaintiff argues that the plan at issue was not governed by ERISA at the time of the pledge, that the security interest is enforceable, and that, even if the plan is governed by ERISA, the CD at issue is not a protected asset. However, even if the court were to agree with plaintiff on these points, the court must solicit a point of clarification of the record before proceeding with its determination. Plaintiff's complaint seeks declaratory relief regarding whether the plan at issue is governed by ERISA, and whether the CD at issue is a protected asset. Defendants' answer includes the following affirmative defense: "Plaintiff has engaged in conduct which constitutes a waiver of its rights under the contracts alleged in the Complaint." In addition, in opposition to plaintiff's motion for summary judgments defendants further argue that "[e]ither

the Plaintiff was grossly negligent or the Plaintiff knew that the pledging of the collateral was a prohibited transaction under ERISA and they intentionally misled the borrower and the guarantor as to the nature of the transaction and crafted documents to hide the fact that the Bank was entering into a prohibited transaction under [ERISA]."  On May 14, 2012, the parties stipulated in a parallel state court action to dismissal of defendants' counterclaims, third-party claims, and declaratory relief claims, and that "any remaining issues regarding defendants' declaratory relief counterclaim will be resolved in the federal court case."  What is not clear from the record in this case is whether defendants' arguments about plaintiff's conduct or representations surrounding the pledging of the collateral in an alleged prohibited transaction survive the stipulation entered in state court.  Accordingly,

    THE COURT ORDERS that defendants' motion for summary judgment (#30) and plaintiff's counter-motion for summary judgment (#32) are DENIED without prejudice.

    THE COURT FURTHER ORDERS that the parties shall each file a supplemental briefs within thirty (30) days from the date of this order clarifying whether defendants' arguments about going to plaintiff's alleged pledging of the collateral in a prohibited transaction survive the stipulation entered in state court, and any other matter that the parties might deem appropriate as to this inquiry.

    THE COURT FURTHER ORDERS that, following receipt of the supplemental briefs, the court will reinstate the former motions for summary judgment at the time it renders its decision.

    THE COURT FURTHER ORDERS that plaintiff's motions for hearing (#36 and #38) are DENIED.

    Dated this ___ day of March, 2013.

_____
Lloyd D. George
United States District Judge