1

2  Doreen Spears Hartwell, Esq.
   dhartwell@lionelsawyer.com
3  LIONEL SAWYER & COLLINS
   300 South Fourth Street #1700
   Las Vegas, Nevada 89101
4  Phone: (702) 383-8888; Fax: (702) 383-8845

5  *Attorneys for Plaintiff*

6              **UNITED STATES DISTRICT COURT**

7                  **DISTRICT OF NEVADA**

8  WINDMILL & EASTERN, LLC, a Nevada
   limited liability company,
9
10             Plaintiff,                    Case No.: 2:11-cv-01082-LDG -PAL

11  v.

12  SIMON SHAKIB, an individual and as the        **Plaintiff Windmill & Eastern, LLC's**
    trustee of the Nevada K, LLC Defined Pension   **Supplemental Brief in Support of**
13  Plan; ZANNA SHAKIB, an individual and as       **Countermotion for Summary Judgment**
    trustee of the Nevada K, LLC Defined Pension
14  Plan; NEVADA K, LLC, a Nevada limited
    liability company, and DOES I through X; and
15  ROE ENTITIES I through X, inclusive,

16             Defendants.

17

18         Plaintiff Windmill & Eastern, LLC ("Windmill") files this supplemental brief regarding

19  the impact of the Stipulated Judgment (the "Stipulated Judgment") entered in the state court

20  action, Case No. A-10-623070-C (the "State Action").  The impact of the Stipulated Judgment

21  resulted in issue preclusion on defendants' ***claims or defenses*** regarding allegations of fraudulent

22  inducement and/or misrepresentations relating to the pledging of the Simon Shakib and Nevada

23  K, LLC certificate of deposit ("CD") as collateral for the underlying $7,000,000.00loan (the

24  "Loan").  The sole issues to be resolved in this matter are set forth in Windmill's Complaint for

25  Declaratory Relief based on the parties' agreement as set forth in the Stipulated Judgment.

26  **I.     Defendants' Arguments Regarding Offset and Fraudulent Inducement Are Barred
           Under the Doctrine of Issue Preclusion.**

27

28  Defendants' arguments about Windmill's and/or Bank of Nevada's conduct or

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

representations surrounding the pledging of the collateral do not survive the Stipulated Judgment based on collateral estoppels and/or issue preclusion.  Issue preclusion bars re-litigation of an issue of fact or law that was actually decided by a court in an earlier action, in which that issue was necessary to the judgment in such action, and a valid and final judgment was entered.  For issue preclusion to apply, "the issues litigated must not be 'merely similar,' but must be 'identical.'" *Central Delta Water Agency v. United States*, 306 F.3d 938, 953 (9th Cir. 2002). "[A] final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).  Res judicata prevents litigation of all grounds for, or defense to, recovery that was previously available to the parties, regardless of whether the grounds were asserted or determined at the prior proceeding. *Chicot County Drainage Dist. v. Baxter State Bank*, 60 S.Ct. 317, 320, 84 L.Ed. 329, 335, reh'g denied, 309 U.S. 695, 60 S.Ct. 581, 84 L.Ed. 1035 (1940).

The State Court action was initiated by Windmill against Windmill & Market, LLC, as borrower of the Loan and Defendant Simon Shakib, the personal guarantor of the Loan.  (*See* Stipulated Judgment, attached as Ex. 1).   Shakib asserted counterclaims for fraudulent inducement/continuing fraud, breach of the covenant of good faith and fair dealing, abuse of process, and mistake against Windmill with the intent to offset or eliminate his personal liability arising from his guaranty of the Loan.  On April 5, 2012, partial summary judgment was entered in favor of Windmill regarding the amount of the outstanding deficiency, subject to any offsets that Shakib was able to prove at trial on his counterclaims.  (Id.).  However, each of Shakib's counterclaims relating to offset were dismissed with prejudice. (Id.).

**1.    Fraudulent Inducement and Continuing Fraud**

In their first counterclaim in the State Action, Defendants alleged that BON never intended to fully fund the Loan as the basis of their fraudulent inducement claim.  *See* Counterclaim at p. 8, ¶¶ 27-28.  The sole evidence relied upon by Defendants in support of the fraudulent inducement claim was the fact that Bank of Nevada only funded $6,446,824.00 of the

$7,000,000 loan as of July 1, 2009, the date of Defendants' default. Shakib's fraudulent inducement and continuing fraud claim was dismissed with prejudice.

### 2. Shakib's Mistake Argument

Defendants titled their fifth claim for relief in the State Action as mistake. Shakib alleged that he and Bank of Nevada "shared a misconception regarding a basic assumption or vital fact upon which the agreement was based. That mistake revolved around the approval of the loan based upon the pledge of the Defendant's benefit plan CD." Counterclaim at p. 12, ¶ 56. Shakib also argued that a unilateral mistake was made on his part:

> Counterclaimant made a unilateral mistake regarding a material term of the agreement. That mistake was based on Bank of Nevada's approval of the loan based on a prohibited transaction and with the wrong party. Plaintiff was then aware of Counterclaimant's unilateral mistake and took advantage of it by accepting guaranties without disclosing that the Pledge was a prohibited transaction and was with the wrong party.

Counterclaim at 12, ¶ 56. This claim was also dismissed with prejudice and judgment was entered against Shakib for the entire deficiency amount.

On May 14, 2012, just two days prior to trial on Defendants' counterclaims, Defendants stipulated to dismiss with prejudice their counterclaims for fraudulent inducement, breach of the implied covenant of good faith and fair dealing, abuse of process, mistake and promissory estoppels. (Ex. 1) Defendants also stipulated to entry of a final judgment against them in the amount $3,626,701.00 plus prejudgment interest in the amount of $63,398.34 and post judgment interest accruing at the annual rate of 8.5 percent until paid in full. (Id,).

Thus, a final judgment on the merits involving the same parties and their privies based on the identical argument for offset set forth in Defendants' motion are subject to issue preclusion. Thus, the sole issues remaining to be determined by this Court are the ones raised in Windmill's Complaint for declaratory relief.

/ / /

/ / /

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

3

**II.     The Sole Issues Remaining For the Court Are Whether the Plan Was  Governed by ERISA at the time Defendants pledged the CD And Whether the CD Is a Protected Asset.**

Defendants' Motion for Summary Judgment (docket #30) was filed on April 5, 2012 prior to the State Court's dismissal with prejudice of each of Shakib's state law claims including the issue of setoff.  The sole issues to be resolved is what impact ERISA has on the CD that was pledged as security for the Loan that has been reduced to judgment in the amount set forth above.  There are no genuine issues of material facts based on the following unrefuted documentary evidence:

1.     Defendants Simon Shakib ("Simon") and Zanna Shakib ("Zanna") (collectively the "Shakibs") were the trustees of the Plan formerly known as the Investor Group of Nevada LP Defined Pension Benefit Plan.  *See* Trust Agreement Under the Investor Group of Nevada LP Defined Pension Plan, attached as Exhibit 1 to Countermotion for Summary Judgment ("Dock. #32").

2.     The Shakibs were the sole participants of the Plan as indicated by their filings with the Internal Revenue Services from the inception of the plan through 2009.  *See* Forms 5500-EZ attached as Ex. 2 to Dock. #32; *see also* Census Information Requests Forms attached as Ex. 3 to Dock. #32.

3.     The sole alleged asset of the Plan was the CD (as defined below) which the Shakibs pledged as security for the Loan. *See* Pledge and Security Agreement ("Pledge Agreement") dated 7/30/07, attached as Ex.  4 to Dock. #32.

4.     The security was perfected by possession and by the filing of a UCC Financing Statement with the Nevada Secretary of State on or about July 31, 2007.  *See* UCC Financing Statement, attached as Ex. 5 to Dock. #32.

5.     Pursuant to Section 1.1 of the Pledge Agreement, on July 30, 2007, Defendants pledged to Bank of Nevada, its successors and assigns, a security interest in all of their rights, title and interest in Certificate of Deposit Account Number 3400016756 and all successor and replacement accounts (the "CD"), regardless of the numbers of such accounts or the offices at

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

4

1   which such accounts are maintained.

2        6.      The CD was titled Nevada K, LLC and Simon K. Shakib at the time it was

3   pledged as collateral for the Loan.  *See* CD dated 9/08/06, attached as Ex. 6 to Dock. #32.

4        7.      On or about October 3, 2007, Defendants transferred the CD to account number

5   340010547 and changed the name to Nevada K, LLC Defined Pension Plan.  *See* CD date

6   10/3/07, attached as Exhibit 7 to Dock. #32.

7        8.      Defendants' Form 5500-EZ returns for calendar years 2004, 2005, 2006, 2007,

8   and 2008 titled "Annual Return of One-Participant (Owners and Their Spouses) Retirement

9   Plan" indicate that the Shakibs were the sole participants of the Plan.

10       9.      Defendants filed Census Information Requests Forms for calendar years 2007 and

11   2008 indicating that they are the sole participants of the Plan.

12       Windmill seeks a declaratory judgment that the CD was not an ERISA asset at the time

13   that it was pledged.  Windmill seeks a declaratory judgment that the Nevada K, LLC Pension

14   Plan was not a qualified plan subject to the anti-alienation clause because it was a One-

15   Participant (Owners and Their Spouses) Retirement Plan.  Finally, Windmill seeks a declaratory

16   judgment that to the extent the CD was titled as a Plan asset after being pledged as security for

17   the Loan, the Plan took the asset subject to Windmill's security interest.

18   **III.    Conclusion**

19       Windmill & Eastern, LLC requests that decision granting its countermotion for summary

20   judgment on its declaratory relief claim based on the undisputed material facts provided in

21   support of its Countermotion for Summary Judgment (Docket #32).

22                                         LIONEL SAWYER & COLLINS

23

24                                         /s/ Doreen Spears Hartwell, Esq.
                                           Doreen Spears Hartwell, Esq.
25                                         Nevada State Bar No. 525
                                           300 South Fourth St. #1700
26                                         Las Vegas, Nevada 89101
                                           *Attorneys for Plaintiff*

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

1.       On April 4, 2013, I served the following document(s):

**Plaintiff Windmill & Eastern, LLC's Supplemental Brief in Support of**
**Countermotion for Summary Judgment**

2.       I served the above-named document(s) by the following means to the persons as

listed below:

■       a.       **By ECF System:**

Brian A. Morris, Esq., bam@cohenjohnson.com
H. Stan Johnson, Esq, sjohnson@cohenjohnson.com

☐       b.       **By United States Mail, postage full prepaid to:**
☐

☐       c.       **By messenger**
          I served the document(s) by placing them in an envelope or package addressed to
the persons at the addresses listed below and providing them to a messenger for service:

☐       d.       **By direct e-mail (as opposed to through the ECF System)**
          Based upon the written agreement to accept service by e-mail or court order.  I
caused the document(s) to be sent to the persons at the e-mail addresses listed below.  I did not
receive, within a reasonable time after the transmission, any electronic message or other
indication that the transmission was unsuccessful.

☐       e.       **By fax transmission**
          Based upon the written agreement of the parties to accept service by fax
transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed
below.  No error was reported by the fax machine that I used.  A copy of the record of the fax
transmission is attached.

**I declare under penalty of perjury that the foregoing is true and correct.**

                                        s/Raynell Caliguire
                                        An employee of Lionel Sawyer & Collins

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

6

# EXHIBIT 1

# EXHIBIT 1

Electronically Filed
05/15/2012 02:01:17 PM

CLERK OF THE COURT

1    Doreen Spears Hartwell, Esq. (NSB #7525)
     *dhartwell@lionelsawyer.com*
2    LIONEL SAWYER & COLLINS
     1700 Bank of America Plaza
3    300 South Fourth Street
     Las Vegas, Nevada 89101
4    (702) 383-8888 (Telephone)
     (702) 383-8845 (Fax)
5    *Attorneys for Windmill & Eastern, LLC*
     *and Bank of Nevada*

6

7                          **DISTRICT COURT**

8                     **CLARK COUNTY, NEVADA**

9    WINDMILL & EASTERN, LLC, a Nevada
     limited liability company,
10                                            Case No.: A-10-623070-C
                   Plaintiff,
11                                            Dept. No.: 26
     v.
12                                            **NOTICE OF ENTRY OF STIPULATED**
     WINDMILL & MARKET, LLC, a Nevada         **JUDGMENT**
13   limited liability company; SIMON SHAKIB, an
     individual; and DOES I through X; and ROE
14   ENTITIES I through X, inclusive,

15                 Defendants.

16         PLEASE TAKE NOTICE that a Stipulated Judgment, a copy of which is attached hereto,

17   was entered in the above-captioned matter on May 15, 2012.

18         DATED this 15th day of May, 2012.

19

20

21                                       LIONEL SAWYER & COLLINS

22                                       By: */s/Doreen Spears Hartwell*
23                                            Doreen Spears Hartwell, Esq. (NSB #7525)

24                                            *Attorneys for Windmill & Eastern, LLC*
                                              *and Bank of Nevada*
25

26

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

## CERTIFICATE OF SERVICE

Pursuant to Nevada Rule of Civil Procedure 5(b), I hereby certify that I am an employee of LIONEL SAWYER & COLLINS and that on this 15th day of May, 2012, I caused documents entitled **NOTICE OF ENTRY OF STIPULATED JUDGMENT** to be served as follows:

[X]     by depositing same for mailing in the United States Mail, in a sealed envelope addressed to:

> H. Stan Johnson, Esq.
> Brian A. Morris, Esq.
> CJD Law Group, LLC
> 6293 Dean Martin Drive, Ste. G
> Las Vegas, NV 89118
>
> *Attorneys for Defendant, Counter-Claimant,*
> *and Third-Party Plaintiffs*

[ ]     pursuant to Nev. R. Civ. P. 5(b)(2)(D) to be sent via facsimile as indicated:

[ ]     to be hand delivered to:

and/or

[]     by the Court's ECF System through Wiznet.

_/s/V. Raynell Caliguire_
An Employee of Lionel Sawyer & Collins

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

2

# EXHIBIT 1

# EXHIBIT 1

Electronically Filed
05/14/2012 01:23:37 PM

CLERK OF THE COURT

1   **JUDG**
    Doreen Spears Hartwell, Esq.
2   Nevada State Bar No. 7525
    dhartwell@lionelsawyer.com
3   LIONEL SAWYER & COLLINS
    300 South Fourth Street #1700
4   Las Vegas, Nevada 89101
    Phone: (702) 383-8888; Fax: (702) 383-8845
5   *Attorneys for Windmill & Eastern*
    *and Bank of Nevada*

6

7                      **DISTRICT COURT**

8                   **CLARK COUNTY, NEVADA**

9   WINDMILL & EASTERN, LLC, a Nevada
    limited liability company,
10
                        Plaintiff,              Case No.: A-10-623070-C
11
    v.                                          Dept. No.: XXVI
12
    WINDMILL & MARKET, LLC, a Nevada
13  limited liability; SIMON SHAKIB, an         **STIPULATED JUDGMENT**
    individual; and DOES I through X; and ROE
14  ENTITIES I through X, inclusive,            Trial Date:  May 14, 2012
                                                Trial Time:  1:00 p.m.
15                      Defendants.

16  and other related claims.

17

18          Plaintiff Windmill & Eastern, LLC and Third Party Defendant Bank of Nevada, through

19  their counsel of record, Doreen Spears Hartwell, Esq. of Lionel Sawyer & Collins; and

20  Defendants Windmill & Market, LLC and Simon Shakib, through their counsel of record, H.

21  Stan Johnson of CJD Law Group, LLC, hereby agree and stipulate to judgment as follows:

22          1.      On April 5, 2012, the Court granted summary judgment in favor of Windmill &

23
    Eastern on its deficiency claim in the amount of $3,626,701.00 subject to any offsets that may be
24
    proven by defendants to the extent they can prevail on their pending counterclaims;
25
26          2.      Defendants' counterclaims against Windmill & Eastern and third party claims

27  against Bank of Nevada are scheduled for trial on May 14, 2012 at 1:00 p.m.

28
LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

| | | |
|---|---|---|
| ☐ Voluntary Dis | ☐ Stip Dis | ☐ Sum Jdgmt |
| ☐ Involuntary (stat) Dis | ☒ Stip Jdgmt | ☐ Non-Jury Trial |
| ☐ Jdgmt on Arb Award | ☐ Default Jdgmt | ☐ Jury Trial |

3.     Defendants' agree to dismiss their counterclaims and third party claims for fraudulent inducement, breach of the implied covenant of good faith and fair dealing, abuse of process, mistake and promissory estoppel with prejudice.

4.     Defendants also agree to dismissal of their counterclaim/third party claims for declaratory relief without prejudice, which is based on identical facts of Windmill & Eastern's declaratory relief claim currently pending in Case No. 2:11-cv-01082-LDG -PAL in the U.S. District Court, in order for the federal court to resolve the declaratory relief issues.

5.     The parties agree that as a result of the dismissal of defendants' counterclaims and declaratory relief claims, no further issues remain to be adjudicated by this Court, and that any remaining issues regarding defendants' declaratory relief counterclaim will be resolved in the federal court case.

6.     The parties further agree to entry of a final judgment in favor of Windmill and Eastern and against Defendants based on the district court's finding that a deficiency exists in the amount of $3,626,701.00 as of February 15, 2012, with interest continuing to accrue at the rate of 8.5 percent annum.

7.     Since February 15, 2012, interest has accrued in the amount of $63,398.34 and continues to accrue on a daily basis in the amount of $737.19.

Dated: this 14th day of May, 2012             Dated: this 14th day of May, 2012

Lionel Sawyer & Collins                       CJD LAW GROUP LLC

Doreen Spears Hartwell, Esq.                  H. Stan Johnsons, Esq.
Nevada State Bar No. 7525                     Nevada State Bar No. 265
300 South Fourth Street, Ste. 1700           6293 Dean Martin Dr. Ste G.
Las Vegas, NV 89101                          Las Vegas, Nevada 89118
*Attorneys for Windmill & Eastern, LLC*      *Attorneys for Simon Shakib*
*and Bank of Nevada*                         *and Windmill & Market, LLC*

///

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

2

1    For good cause shown:

2    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that a deficiency judgment

3    is hereby entered in favor of Plaintiff Windmill & Eastern, LLC and against Defendants

4    Windmill & Market, LLC and Simon Shakib in the amount of $3,626,701.00 as of February 15,

5    2012, plus interest in the amount of $63,398.34 through May 11, 2012, with post-judgment

6    interest continuing to accrue at the annual rate of 8.5 percent until paid in full.

7    IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants'

8    counterclaims against Plaintiff/Counterdefendant Windmill & Eastern, LLC for fraudulent

9    inducement, breach of the implied covenant of good faith and fair dealing, abuse of process,

10   mistake and promissory estoppel are hereby dismissed with prejudice.

11   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants/Third

12   Party Plaintiffs' claims against Third Party Defendant Bank of Nevada for fraudulent

13   inducement, breach of the implied covenant of good faith and fair dealing, abuse of process,

14   mistake and promissory estoppel are hereby dismissed with prejudice.

15   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Windmill & Market,

16   LLC's and Simon Shakib's declaratory relief claims against Plaintiff and Third Party Defendant

17   Bank of Nevada are hereby dismissed without prejudice to be resolved in the pending federal

18   court action Case No. 2:11-CV-01082-LDG -PAL.

19   Dated: this ___ day of May, 2012.

20

21                                                        _____
                                                          DISTRICT COURT JUDGE
22   Submitted by:

23   _____

24   Doreen Speaks Hartwell, Esq.
     Nevada State Bar No. 7525
25   dhartwell@lionelsawyer.com
     LIONEL SAWYER & COLLINS
26   300 South Fourth Street #1700
     Las Vegas, Nevada 89101
27   *Attorneys for Windmill & Eastern
     and Bank of Nevada*

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

3