# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WINDMILL & EASTERN, LLC, a
Nevada limited liability company,

     Plaintiff,

v.

SIMON SHAKIB, an individual and as
the trustee of the Nevada K, LLC
Defined Benefit Pension Plan; ZANNA
SHAKIB, an individual and as trustee
of the Nevada K, LLC Defined Benefit
Pension Plan; NEVADA K, LLC, a
Nevada limited liability company, and
DOES I through X; and ROE
ENTITIES I through X, inclusive,

     Defendants.

2:11-cv-01082-LDG-PAL

**ORDER**

     Defendants Nevada K, LLC, Simon Shakib, and Zanna Shakib filed a motion to dismiss this matter for lack of jurisdiction (#46).  The parties also filed cross-motions for summary judgment (## 30, 32, 41, 42).  The Court held a hearing on these cross-motions on December 18, 2013.

<u>Summary Judgment</u>

To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56©.  The essential question when considering a motion for summary judgment is whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  If so, summary judgment is not proper.  *Id.*

Determining materiality is a separate consideration from the question of whether a genuine issue exists.  *Anderson*, 477 U.S. at 248.  A material fact is one required to prove a basic element of a claim.  *Id.*  The substantive law of the case determines which facts are material.  *Id.*  However, the determination of materiality changes slightly when one party's case consists of multiple *essential* elements, all of which must be satisfied under the substantive law.  In such a case, when the moving party can demonstrate that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to [the nonmoving] party's case," all other facts become immaterial.  *Celotex Corp. v. Catrett*, 477 U.S. 321 322-323 (1986).

Of course, the moving party bears the burden of showing the district court those portions of the record "which it believes demonstrate[] the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  A party may also object that material cited to "dispute a fact cannot be presented in a form that is admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  The moving party need not *negate* the nonmoving party's claim, but must show the lack of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.

Once a moving party has met its burden, a party opposing summary judgment must provide sufficient facts to show the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(c).  Mere allegation or denial is insufficient if not supported by citation to

particular parts of materials in the record that establish the existence of a genuine issue. Fed. R. Civ. P. 56(c); *see also Block v. City of Los Angeles*, 253 F.3d. 410, 418-19 (9th Cir. 2001) (finding an affidavit insufficient under Rule 56(c) because, in part, it was "based on inadmissible hearsay"); *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d. 1168, 1171 (9th Cir. 1997) ("[A] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact").

When considering a motion for summary judgment, it is not the court's role to "determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S., at 249.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S., at 249-250 (citations removed).  However, "[i]f reasonable minds could differ as to the import of the evidence," summary judgment is not proper. *Id.* at 250.  Nevertheless, in so considering, the court must view all inferences drawn from the moving party's materials "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Background

Defendants, Simon Shakib and Nevada K, LLC, opened certificate of deposit #3400016756 on September 8, 2006.  The face of the document shows it was issued to "Nevada K LLC" and "Simon K Shakib."  On July 30, 2007, defendants signed a security agreement with Bank of Nevada in which they pledged certificate of deposit #3400016756 ("pledged CD") as security for a loan Bank of Nevada made to a third-party borrower.  Two months later, defendants rolled the pledged CD over into a new certificate of deposit ("rollover CD").  The face of the rollover CD shows it was issued to Nevada K, LLC Defined Benefit Pension Plan, a pension plan for the employees of Nevada K.

3

1   The borrower defaulted on the loan and a state court awarded a deficiency judgment

2   against Simon Shakib.  Plaintiff asserts it is entitled to offset the outstanding debt due with

3   money from the pledged CD now in the rollover CD.  Defendants contend the pledged CD

4   was the asset of Nevada K, LLC Defined Benefit Pension Plan, a plan they further contend

5   was subject to the Employee Retirement Income Security Act of 1974 (ERISA), could not

6   have been pledged, and must be returned to the pension plan.  Plaintiff seeks declaratory

7   judgment that when defendants pledged the CD:  (A) the pension plan was not subject to

8   ERISA and (B) the pledged CD was not an asset of the pension plan.

9          <u>Defendants' Motion to File Additional Supplement to Prior Opposition to Motion for</u>

10         <u>Summary Judgment</u>

11         As an initial matter, on March 16, 2014, defendants filed a motion to supplement

12  their opposition to motion for summary judgment and counter-motion for summary

13  judgment (#48, opposition #50, reply #51).  Defendants seek to file documents to be

14  considered in deciding the pending motion for summary judgment.  The documents include

15  actuarial valuations prepared on November 8, 2011, identifying Barry Schreiber as a

16  Nevada K Plan participant, handwritten notes, and bank statements.  The hearing on the

17  cross motions for summary judgment was scheduled on December 6, 2013, and conducted

18  on December 18, 2013.  At the time the hearing was scheduled, the Court instructed

19  counsel to be prepared to address "the adequacy of the showing of the existence of a third

20  employee participant in Nevada K, LLC Defined Benefit Pension Plan."

21         Defendants do not dispute that their supplemental documentation is unauthenticated

22  and was not produced during discovery.  Nor do defendants dispute that they had

23  possession of the documentation for nearly a decade.  Rather, defendants argue that the

24  documents have also been in the possession of plaintiff or its predecessors and were not

25  produced by plaintiff pursuant to Fed. R. Civ. P. 26.  However, if the discovery rules are to

26

1   have any meaning, it would be that an obligation lies on the party responding to discovery

2   to produce requested documentation upon which its case relies, and not be allowed to

3   continue to produce, without cause, additional documentation years after the close of

4   discovery, and months after a hearing on dispositive motions.  Moreover, the rules do not

5   contemplate that, in responding to discovery, a party is excused from producing documents

6   critical to its case because they are presumably in the possession of an opposing party.

7   Defendants provide no good cause for the delay, and it would be extremely burdensome at

8   this time on the Court and plaintiff to reopen discovery, repeat dispositive motions, and

9   delay a review of the merits based on newly presented documents.  Furthermore,

10  defendants were put on notice on December 6, 2013, that one of the issues in the hearing

11  would be the existence of a third party participant in the plan, yet did not request to

12  supplement even before the hearing.  Finally, defendants insist that the documentation in

13  question relates to the central issues in the case, which simply begs the question of why

14  they were not produced during discovery or included during the extenuated briefing or oral

15  arguments on summary judgment.  Defendants' motion to file additional supplement will be

16  denied.

17      ERISA Status

18          An employee benefit plan established or maintained by an employer engaged in

19  commerce is governed by ERISA, unless otherwise exempted. 29 U.S.C. § 1003.  A

20  pension plan constitutes an employee benefit plan under ERISA when the pension plan is

21  maintained or established by an employer engaged in commerce and either 1) provides

22  retirement income to employees or 2) provides for deferral of employee income. 29 U.S.C.

23  § 1002(2)(A).  A working owner may wear a "dual" hat and also be an employee-

24  participant. *Yates v. Hendon*, 541 U.S. 1, 6 (2004).  A pension plan that would otherwise be

25  "covered" is exempted from ERISA when the only participants in the plan are an owner and

26

5

his or her spouse.  29 C.F.R. § 2510.3–3(b), (c); *see also Yates*, 541 U.S. at 22-23.
However, the addition of even one other employee will bring the plan under ERISA. 29
C.F.R. § 2510.3–3(b).

Plaintiff contends the pension plan was not governed by ERISA at the time of the
pledge because Simon Shakib and Zanna Shakib were the owners and sole participants in
the plan at that time.  In support, plaintiff submitted IRS forms defendants filed before and
after the pledge, including IRS Form 5500-EZ, titled "Annual Return of One-Participant
(Owners and Their Spouses) Retirement Plan" for years 2006, 2007, and 2008, and
documents titled "Nevada K, LLC Defined Benefit Pension Plan Census Information
Request" for years 2007 and 2008.  Each of these documents indicates Simon Shakib and
Zanna Shakib were the only participants in the Nevada K, LLC Defined Benefit Pension
Plan and each bears Simon Shakib's signature. Defendants do not dispute the authenticity,
or object to the admissibility, of these documents.

However, defendants contend there was a third employee-participant.  They provide
an affidavit by Simon Shakib in which he indicates that he is "informed that there are other
employees that should have been included in the pension plan and that these employees
are being included to accurately reflect the obligations of the [pension plan] to the
applicable employees."  To further support their motion, defendants also submitted a third-
party "actuarial valuation" that shows Nevada K, LLC Defined Benefit Pension Plan had a
third employee-participant in 2006.[1]   At the hearing, plaintiff asserted the valuation was
inadmissible hearsay.

---

[1] Raymond, Reeves & Stout, LLP Pension and Financial Services prepared the
valuation on November 8, 2011.  It seems to be in partial conflict with Shakib's affidavit in
that the valuation shows only one additional employee but Shakib indicated he was
informed there were additional "employees."  Defendants did not address this possible
discrepancy.

Under Rule 56(c)(4), an affidavit to support or oppose a motion for summary judgment must be "made on personal knowledge [and] set out facts that would be admissible in evidence." However, defendants did not establish that Shakib had personal knowledge that there was a third employee-participant (beyond being "informed"). They did not indicate that he was involved in enrolling the third employee as a participant in the plan, or that he reviewed any business records involving the third employee's enrollment, or that he reviewed the information provided to the third-party valuator. Accordingly, the Court must find that Shakib's affidavit does not meet the requirements under Rule 56(c).

Otherwise inadmissible hearsay may be admitted if the statement falls under an exception under Fed. R. Evid. 802. Alternatively, an expert witness may offer testimony concerning the contents of a report prepared by an expert, even though the report is inadmissible hearsay. Fed. R. Evid. 702. However, defendants have not shown that a hearsay exception applies. Furthermore, defendants did not provide an affidavit from the individual who prepared the valuation, or the documents the third-party valuator used to prepare the valuation, nor did defendants indicate what that information even contained. As a result, the Court finds that the report is inadmissible as evidence and insufficient to create a genuine issue.

Plaintiff provided evidence that shows that Simon Shakib and Zanna Shakib were the only participants in the pension plan when Shakib pledged the CD. Considering all inferences in a light most favorable to defendants, the Court finds that defendants have not met their burden to raise a genuine issue of material fact. Plaintiff is entitled to summary judgment.

<u>Ownership</u>

Plaintiff also asserts the pledged CD was not an asset of the pension plan when defendants pledged it as security. Plaintiff submitted a copy of the CD which, on its face,

7

1    shows it was issued to Nevada K, LLC and Simon Shakib. However, defendants contend

2    the CD was an asset of the pension plan when they pledged it.  Defendants provided

3    Simon Shakib's affidavit in which he asserts that the pension plan owned the pledged CD

4    and that plaintiff had knowledge of it.  At oral arguments, defendants further asserted

5    through counsel that the pledged CD was successor to a 2004 CD established in the name

6    of the pension plan.

7         As previously mentioned, Rule 56(c)(4) requires an affidavit to support or oppose a

8    motion for summary judgment "set out facts that would be admissible in evidence."

9    Shakib's affidavit does not show that the pledged CD was owned by the pension plan nor

10   does he provide facts showing how plaintiff knew the CD was owned by the pension

11   plan–he merely asserts it.  A self-serving affidavit that contains mere assertions without

12   detailed facts is not sufficient, in and of itself, to create a genuine issue.  However, aside

13   from Shakib's affidavit, defendants have not provided any evidence to support their

14   position.  They did not provide a copy of the 2004 CD, nor any evidence showing the

15   pension plan owned the pledged CD, nor anything showing the bank had notice that

16   ownership of the pledged CD was different than what was indicated on its face.

17   Accordingly, the Court finds Shakib's affidavit does not satisfy Rule 56(c)(4).

18        Plaintiff has provided evidence showing that Nevada K, LLC and Simon Shakib

19   owned the certificate of deposit #3400016756 when they pledged it.  Considering all

20   inferences in a light most favorable to defendants, the Court finds defendants have not met

21   their burden to show a genuine issue and plaintiff is entitled to summary judgment.

22        Conclusion

23        Defendants have failed to demonstrate the existence of a genuine issue of material

24   fact whether the pension plan was governed by ERISA at the time defendants pledged

25

26

certificate of deposit #3400016756 and whether the pension plan owned the CD at that time.  Therefore, good cause appearing,

THE COURT HEREBY ORDERS that defendants' motion to file additional supplement (#48) is DENIED.

THE COURT HEREBY ORDERS that plaintiff's motion for summary judgment (#30) is GRANTED, and that defendants' countermotion for summary judgment (#32) is DENIED.

THE COURT FURTHER ORDERS that defendants' motion to dismiss (#46) is DENIED.

THE COURT FURTHER ORDERS that within 14 days of the filing of this order plaintiff shall file a proposed final judgment.

Dated this ___ day of September, 2014.

_____
Lloyd D. George
United States District Judge